## GEORGE A. GUERNSEY vs. JAMES P. COOK.

Suffolk.    March 3. — May 14, 1875.    AMES & ENDICOTT, JJ., absent.

A written agreement signed by the plaintiff and defendant and entitled, "Understanding had with" the plaintiff "as between himself and" the defendant, "president, and representing the India Company," provided that the plaintiff should give his whole time and best efforts to the care and promotion of the interests of the company; that the plaintiff's salary as treasurer should be $3500 per year; that the plaintiff should purchase one hundred shares of the stock at par, which, as well as a named third party's stock, was to be placed in the hands of the defendant; that in case of a sale of the stock, the three should share proportionately in the proceeds; that should it be desirable for the plaintiff to cease to be treasurer, thirty days' notice should be given him, and the amount of his stock at par and interest at seven per cent. from the time of payment for the stock should be repaid to him, when it was to be reconveyed to the other two owners; and that in any proposed sale of stock it should be first offered to the three parties aforesaid, and, in the plaintiff's case, at par and interest.  *Held*, that the defendant was personally bound by the contract.  *Held, also*, that evidence offered by the plaintiff tending to show that at the time of signing the agreement the third party owned 500 shares of the stock and the defendant 505 shares, the whole number of shares being 2000; that the 100 shares referred to in the agreement were the property of the third party and the defendant; that the plaintiff paid the defendant $10,000 for the stock, and that the defendant and the third party received the money in payment for the stock conveyed to the defendant, was competent to aid in the construction of the contract.

CONTRACT upon the following agreement:

" Boston, 20th January, 1872.   Understanding had with Mr. George A. Guernsey, as between himself and Mr. J. P. Cook, president, and representing the India Company, Salem, Massachusetts.

" Mr. Guernsey is to give his whole time and best efforts to the care and promotion of the interests of the India Company.

" Mr. Guernsey's salary as treasurer shall be $3500 per annum.

" Mr. Guernsey purchases 100 (one hundred) shares ' India' stock at par; this stock, as also Mr. Beebe's, to be placed in hands or control of Mr. Cook.  If any sale of stock shall be made, it shall be shared *pro rata* by Messrs. Cook, Beebe & Guernsey, in proportion as they are owners.

" Should it be desirable for any reason to dispense with Mr. Guernsey's services as treasurer, this shall be done on giving Mr. Guernsey thirty days' notice, and repaying him the amount of his stock at par, and interest at seven per cent. from the time he paid for it, when it shall be reconveyed to Messrs. Cook & Beebe.

" In any proposed sale of stock, it shall first be offered to the three parties herein named, and in Mr. Guernsey's case at par and interest. J. P. Cook. George A. Guernsey."

The first count of the declaration alleged the purchase by the plaintiff, in pursuance of the agreement, of one hundred shares of the said stock and the payment of $10,000 therefor, and the delivery by the plaintiff to the defendant of one hundred shares of the stock to be held by the defendant for the purpose mentioned in the agreement; that on February 1, 1872, the plaintiff entered into the employment of the India Company and gave his whole time and best efforts to the care and promotion of its interests, until his services as treasurer were dispensed with by the stockholders of the company on March 1, 1873, and another chosen in his place; that the plaintiff thereupon tendered to the defendant and to Beebe to reconvey to them the said stock purchased by the plaintiff, and demanded of them repayment of the said $10,000 and interest thereon at seven per cent., which was refused. The second count alleged that after the said purchase of one hundred shares by the plaintiff, the defendant had four hundred and fifty-five shares of the stock and Beebe four hundred and fifty shares, of which stock the defendant was in possession according to the agreement; that on October 2, 1872, the defendant sold the stock belonging to himself, the plaintiff and Beebe, amounting to nine hundred shares, without making any offer thereof to the plaintiff, at par and interest, and received therefor the sum of $90,000, of which the plaintiff was entitled to his proportionate share, to wit, nine thousand dollars and interest thereon, which the plaintiff demanded of the defendant.

At the trial in this court before *Endicott*, J., the plaintiff offered evidence tending to show that at the time of signing the said agreement, James M. Beebe owned 500 shares of the capital stock of the India Manufacturing Company, and the defendant owned 505 shares, the whole capital stock of the company consisting of 2000 shares; and that the 100 shares of stock referred to in the agreement were the property of Beebe and the defendant and that the plaintiff gave to the defendant $10,000 for the said stock; and the defendant and Beebe received the money as and for a purchase of the stock which they conveyed to the defendant. These facts, if competent to be proven and available as

evidence in construing the contract, were, for the purpose of raising the question of law upon the liability of the defendant, admitted; the defendant contending that he is not personally liable upon the agreement as declared upon in this action.

The case was taken from the jury, and the question reserved for the consideration of the full court, whether the action could be maintained, and the evidence offered was admissible. If the action could be maintained, it was to stand for trial; otherwise, judgment for the defendant.

*J. G. Abbott & B. Dean*, for the plaintiff.

*J. A. Gillis*, for the defendant.

MORTON, J. We are of opinion that the instrument declared on is the contract of the defendant personally and not of the India Company. It is not executed so as to bind the company. It is signed by Cook, without any addition indicating that he was acting as an officer or agent of the company. The fact that the contract is in form a personal promise of Cook is very strong, if not conclusive, evidence that it was intended that he should be bound by it. *Simonds* v. *Heard*, 23 Pick. 120. *Morell* v. *Codding*, 4 Allen, 403. *Fullam* v. *West Brookfield*, 9 Allen, 1. But the terms of the contract show that such was the intention of the parties. The principal stipulations of the contract, as to the plaintiff's purchase of one hundred shares of the stock of the company, as to the terms upon which it was to be reconveyed to Cook and Beebe if the plaintiff should cease to be treasurer, and as to his rights in any proposed sale of stock, are all matters which do not concern the company, and in which Cook and Beebe alone are interested. To hold the company bound by promises in which it has no interest, there ought to be unequivocal evidence that such was the intention of the contracting parties.

It was competent for the plaintiff, for the purpose of aiding in the construction of the contract, to show by parol the relations of Cook and Beebe and the plaintiff to the company and to each other. The fact that Cook and Beebe, before they sold the hundred shares to the plaintiff, owned more than half of the capital stock of the company, tends to explain the provisions of the contract, as to the services of the plaintiff as treasurer, consistently with the theory that it was understood to be the personal contract of Cook.

After the sale, Cook, Beebe and the plaintiff, who alone are interested in the main subject matter of the contract, had the control of the corporation. The whole arrangement as to the plaintiff's buying and holding the stock was based upon the condition that he was to be the treasurer of the company. This was a matter within the control of Cook and Beebe, and it is not unnatural or surprising that Cook, who plainly acted for Beebe as well as for himself, should enter into the agreements contained in the contract as to the plaintiff's being treasurer, as an inducement to him to make the contract. Under these circumstances, the facts that these stipulations, in which the company are interested, are embodied in the contract, and that Cook in the opening sentence of the contract is described as "president and representing the India Company," do not tend very strongly to overcome the presumption that the parties understood this to be the personal contract of Cook, afforded by the form of the contract, and the fact that the main subject matter concerned Cook and Beebe alone and not the company.

*Case to stand for trial.*