HENRY COLT & others *vs.* EDWARD LEARNED & another.

Berkshire.    September 14. — 16, 1875.    COLT, J., did not sit.    AMES & DEVENS, JJ., absent.

A contract, signed by three persons, recited that one of them had lent to a corpora· tion a certain sum of money, payable at a fixed time, and continued, "we, for value received, hereby jointly and severally guarantee the repayment of said loan and interest, at the time the same shall be payable." *Held,* in an action by the lender against the other parties to the contract, that the legal effect of the instru· ment was that each of the parties should assume the liability of one third of the sum lent.

If several contracts of different defendants are created by one written instrument, they may, by the Gen. Sts. *c.* 129, § 4, be joined in one action ; but if these con· tracts are distinct, they should be stated in different counts.

If the cause assigned in the demurrer to a declaration is that it does not state a legal cause of action in accordance with the rules prescribed in the Gen. Sts. *c.* 129, and the particulars in which the alleged defect consists, are not set forth as required by § 12 ; yet, after the case has been submitted to the judgment of the court, the plaintiff cannot object that the demurrer is informal.

CONTRACT by the executors of William Pollock against Edward Learned and Theodore Pomeroy.    The declaration was as follows :

" And the plaintiffs say that said Wm. Pollock loaned to the Ni-Wot Mining Co. upon the twenty-fifth day of July, A. D. eighteen hundred sixty-five, fifteen thousand dollars, and in consideration that said Pollock would make said loan, the defendants, together with said Pollock, at the time said loan was made, made and signed a written guaranty, a copy of which is hereto annexed, jointly and severally guaranteeing the payment of said loan, and the interest thereon.    And the plaintiffs say that upon the sixteenth day of December, A. D. eighteen hundred and sixty-five, the sum of five hundred and twenty-five dollars was paid upon said loan, and that the balance of said loan has never been paid, though long since due and payable.

" And the plaintiffs say that said Pollock in his lifetime, and the plaintiffs as his executors, have since his decease also demanded of said Ni-Wot Mining Co., the balance of said loan, and said Ni-Wot Mining Co. has neglected to pay the said balance, and due notice of the nonpayment thereof was given to the defendants by said Pollock in his lifetime, and demand for payment made upon them, and the plaintiffs as the executors of

said Pollock have, since his decease, notified the defendants of the nonpayment by said Ni-Wot Mining Co. of the balance of said loan, and made a demand for payment upon them. And the defendants neglected and refused to pay said Pollock in his lifetime, and have since his decease neglected and refused to pay the plaintiffs as executors of said Pollock.

" And said Edward Learned and Theodore Pomeroy, the defendants, owe the plaintiffs, in their said capacity as executors of said Pollock, two thirds of the balance of said loan remaining unpaid after the payment of the said sum of five hundred and twenty-five dollars as aforesaid, together with the interest on said two thirds of said balance."

The copy annexed was as follows: " Pittsfield, July 25th, 1865. William Pollock having this day loaned the Ni-Wot Mining Company fifteen thousand dollars, payable three months from this date, we, for value received, hereby jointly and severally guarantee the repayment of said loan and interest at the time the same shall be payable as aforesaid. Edward Learned, Theo. Pomeroy, Wm. Pollock."

The defendants demurred to the declaration, assigning as cause of demurrer that " the same does not state a legal cause of action substantially in accordance with the Gen. Sts. *c.* 129, in this, that the defendants would not be and are not liable to the plaintiffs upon any such contract as alleged under said declaration and action." In the Superior Court, the demurrer was sustained and judgment ordered for the defendants. The plaintiffs appealed.

*H. L. Dawes,* (*T. P. Pingree* with him,) for the defendants.

*M. Wilcox,* for the plaintiffs.

GRAY, C. J. The written contract between the parties cannot be construed as creating a joint liability, without making Pollock, jointly with the two defendants, of the one part, contract with himself individually, of the other part. The manifest intention and the legal effect of the contract are that each of the three signers should assume the liability of one third of the sum named, and that each of the defendants should guarantee to Pollock, upon his paying the whole sum, the repayment of one third thereof. Upon the facts stated in the declaration, therefore, there is no joint liability of the defendants. but each of them is severally liable for $5000.

As the several contracts of the defendants are created by one written instrument, they might, by the Gen. Sts. *c.* 129, § 4, be joined in one action. *Grocers' Bank* v. *Kingman*, 16 Gray, 473. But as their contracts, though similar, are not the same, but are for distinct though equal sums, those contracts should, by the express terms of that section, be stated in different counts. The remarks of a contrary tendency, in *Costigan* v. *Lunt*, 104 Mass. 217, 220, were unnecessary to the decision, which was that the case should stand for trial upon a declaration containing not merely a count alleging a joint contract, but also counts on the several contracts of each defendant. It follows that the declaration in the present case, containing a single count, alleging a joint contract and liability, is bad.

The cause assigned in the demurrer is that the declaration does not state a legal cause of action in accordance with the rules prescribed in the Gen. Sts. *c.* 129. Although the demurrer does not set forth the particulars in which the alleged defect consists, as required by § 12 ; and by § 23 no further pleading was required of the plaintiffs ; yet, by submitting the case to the judgment of the court, they joined in the demurrer, and cannot now object that it was informal. Bac. Ab. Pleas & Pleadings, N. 2.

*Demurrer sustained, and judgment for the defendants.*