WILLIAM C. WILLIAMSON *vs.* MARY McGRATH.

Suffolk.    November 11, 1901. — November 11, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Contract*, Parties.

In an action by an attorney at law to recover for services in examining the title to certain land, it appeared, that the defendant was the owner of the land and applied to one H. for a loan upon a mortgage thereof, and that he signed an application in writing for the loan addressed to H. by which he agreed in consideration of the acceptance of his application "to pay to the counsel appointed by them his charges for the examination of the title and for conveyancing." The plaintiff, who had examined the title under the above arrangement, asked for a ruling

that the provision above quoted constituted a contract between him and the defendant on which he was entitled to recover. *Held,* that the ruling asked for could not be made, as the written promise was addressed to H. and was upon a consideration to move from him. *Whether* on the facts in the case a contract might have been found to have been made between the plaintiff and the defendant on the terms of the clause quoted, was not open, as the only exception was to the refusal to give the ruling requested as above.

CONTRACT by an attorney at law to recover compensation for services rendered in the examination of the title of a parcel of land on Camden Street in Boston. Writ dated August 1, 1900.

At the trial in the Superior Court, before *Aiken,* J., it appeared, that the defendant was the owner of the parcel of real estate mentioned above and was desirous of placing a mortgage of $26,000 on it, and had applied to one Cornelius Herlihy for the loan, and that Herlihy had agreed to accept the mortgage, had called on the plaintiff, informed him of his intention to take the mortgage, told him to look up the title, and wished him to send for the defendant and have her agree to pay all expenses incident to the placing of the mortgage and for the examination of the title to the estate; that thereupon the plaintiff wrote to the defendant asking her to call on him in relation to the transaction, and in response the defendant called on the plaintiff and signed the following application for a loan: " June 30, 1900. The undersigned hereby applies to Cornelius Herlihy, of Boston, for a loan of $26,000 for a term of five years, on promissory note signed by Mary McGrath, widow, with interest at the rate of seven per cent on six thousand dollars, and on the balance five per centum per annum, payable semi-annually, secured by first mortgage, with power of sale and insurance clauses, of real estate described as follows. [Description.] In consideration of this proposition being entertained by Cornelius Herlihy, I promise and agree to pay interest on said sum from the date of the acceptance of said loan, also to pay to the counsel appointed by them his charges for the examination of the title and for conveyancing, and also all expenses of recording, and also to pay him a commission of $300. Mary × McGrath, Applicant. Witness: Wm. H. Smith."

The defendant left with the plaintiff the deeds and other

documents of title necessary for the examination, and the plaintiff then performed the services for which he sought to recover.

The plaintiff asked the judge to rule that the above application, and especially the clause therein which reads " I promise and agree . . . to pay the counsel appointed by them his charges for the examination of the title and for conveyancing " constituted a contract between the plaintiff and the defendant on which the plaintiff was entitled to recover. The judge refused so to rule, and found for the defendant; and the plaintiff alleged exceptions.

*J. F. Sullivan*, for the plaintiff.

*C. Farrow*, for the defendant, was not called upon.

BY THE COURT. The ruling asked was that as matter of law the written application, or one clause of it, constituted a contract with the plaintiff. The question whether on the facts a contract might be found to have been made between the plaintiff and defendant on the terms of that clause is not open. We have to do only with the construction of the written paper. It is quite plain that the ruling asked could not be made. The written promise must be read as made to Herlihy. The whole document is addressed to him in terms, and the consideration contemplated as the inducement of the promise is to move from him.

*Exceptions overruled.*