SENECA FINANCE CORPORATION, Plaintiff, *v.* J. L. OAKES and Another, Defendants.

Supreme Court, Onondaga County, September 15, 1931.

*Hancock, Dorr, Kingsley & Shove,* for the plaintiff.

*Whitbeck & Dye,* for the defendants.

CREGG, J. On September 10, 1930, the Associated Autocraft Industries, Inc., made a proposition in writing to exchange units of shares of its own stock for units of stock and bonds of the Arcadia Truck Body Corporation.

On September 29, 1930, the plaintiff accepted the proposition and agreed to exchange $6,000 of the Arcadia Truck Body Corporation bonds and 461 shares of its stock for 45 shares of preferred stock, 45 shares of Class A common stock, and 69.15 shares of Class B common stock of the Associated Autocraft Industries, Inc., stock.

At the same time and apparently as an inducement for the above-mentioned exchange, the defendants herein signed a type-written memorandum at the end of the proposal as follows: " We, the Seneca Finance Corporation, of Syracuse, N. Y., agree to exchange $8,000.00 of the bonds of the Arcadia Truck Body Corp. and 461 shares of the stock as outlined above.

" James Moore and J. L. Oakes, representing the Associated Autocraft Industries, Inc., agree to purchase from the Seneca Finance Corp. at the expiration of six months one-half of the securities exchanged for $2,250.00 and at the expiration of twelve months the balance of the securities at $2,250.00. The said Seneca Finance Corporation is to receive dividends to net them 6 per cent during this period.

" It is also mutually agreed that the Seneca Finance Corporation may elect to retain the securities of the Associated Autocraft Industries, Inc., instead of accepting cash as outlined in the second paragraph, on either date as stated therein.

." It is further agreed that should Moore or Oakes desire to purchase before the six or twelve months period, the Seneca Finance Corp. agrees to make the decision at that time.

" J. L. OAKES
" JAMES MOORE."

A duplicate was signed by the plaintiff.

It appears from the moving papers that the Associated Autocraft Industries, Inc., of which the defendant Oakes is president, became the owner of all of the outstanding stock and bonds of the Arcadia Truck Body Corporation, excepting the stock and bonds mentioned in the above memorandum, prior to November 1, 1930. Plaintiff thereafter on its part performed all the terms and conditions of its contract, and on April 10, 1931, exercised its option and requested the defendants herein to purchase one-half of the Associated Autocraft Industries, Inc., stock secured by the plaintiff in the aforesaid transaction. The defendants refused, in accordance with the terms of the above memorandum, to purchase the stock. This action is brought to recover damages for the specific amount set forth in said memorandum, namely, $2,250.

The complaint sets forth the transactions outlined above and that the plaintiff exercised its option and elected to call upon the defendants to purchase one-half of said stock for said sum of $2,250. The answer admits the material allegations of the complaint, but sets forth as a defense: *First*. That the contract signed by the defendants is not their contract, but the contract of the Associated Autocraft Industries, Inc. *Second*. That the Arcadia

Truck Body Corporation did not own the premises against which the bonds purport to be a lien.

There is no allegation anywhere in the answer claiming that any fraud was committed by the plaintiff on the defendants or the Associated Autocraft Industries, Inc., at the time of the exchange agreement. Evidently the defendants were familiar with the financial condition of the Arcadia Truck Body Corporation at the time.

These are motions, *first*, to strike out the affirmative defenses in the answer on the ground that they are sham, frivolous and insufficient in law; and *second*, for summary judgment under rule 113 of the Rules of Civil Practice.

The first question to be determined is whether or not the contract is the contract of the defendants herein, or that of the Associated Autocraft Industries, Inc. The defendants cannot give any testimony tending to change their personal liability upon the contract, so that so far as they are concerned the contract must be interpreted as it appears on its face. (*Gordon Malting Co.* v. *Bartels Brewing Co.*, 206 N. Y. 528.) It is a well-settled principle of law that a corporation cannot agree to repurchase its own stock. (*Topken, Loring & Schwartz* v. *Schwartz*, 249 N. Y. 206.) If the contract has any force or effect, it must be as the contract of the individuals and not the corporation.

In the case of *Guernsey* v. *Cook* (117 Mass. 548) the contract in issue contained the following recital: " Boston, 20th January, 1872. Understanding had with Mr. George A. Guernsey, as between himself and Mr. J. P. Cook, President, and *representing* the India Company, Salem, Massachusetts." (Italics mine.) It was signed by the defendant J. P. Cook personally. His defense was that it was not his contract, but the contract of the India Company. Judge MORTON, writing the opinion, said (at p. 550): " We are of the opinion that the instrument declared on is the contract of the defendant personally and not of the India Company. It is not executed so as to bind the company. It is signed by Cook, without any addition indicating that he was acting as an officer or agent of the company. The fact that the contract is in form a personal promise of Cook is very strong, if not conclusive, evidence that it was intended that he should be bound by it."

There is no proof in the answering papers whatever showing or tending to show that the defendants were in any way misled by the transaction. It is clear, therefore, that the contract in question is the personal contract of the defendants, and that both affirmative defenses are unsound and insufficient in law.

The court has power to strike out such defenses and to direct summary judgment. (*Dwan* v. *Massarene*, 199 App. Div. 872;

*General Investment Co.* v. *Interborough R. T. Co.*, 235 N. Y. 133;
*Richard* v. *Credit Suisse*, 242 id. 346, in which case the court
said at page 350: " The very object of a motion for summary
judgment is to separate what is formal or pretended in denial or
averment from what is genuine and substantial, so that only the
latter may subject a suitor to the burden of a trial.")

The motions to strike out both affirmative defenses and for
summary judgment are granted.