Riley, J.
This is an action of contract.
The declaration was as follows:
“Count I. That on or about September 2, 1937 the defendant Fessenden entered into a written agreement with the plaintiff, a copy of which is annexed hereto marked ‘A,’ by which the defendant Fessenden acknowledged indebtedness to the plaintiff in the sum of $1897.44, and agreed to pay the same together with 5% annual interest thereon, compounded monthly. That although the plaintiff has done and performed everything it agreed to do and perform under the terms of said agreement, the defendant Fessenden has failed and neglected to do and perform the things he agreed to do and perform thereunder, and has failed to pay said sum in accordance with his agreement. Wherefore, the defendant Fessenden owes the plaintiff the sum of $1897.44, together with interest thereon as provided for in said agreement.
*326 “ Count II. That in the year 1937 the defendant Fessenden was in the employ of the plaintiff as an insurance broker, and owed the plaintiff a substantial sum of money. That on or about September 2, 1937 the defendant Fessenden and the defendant Paine •controlled a corporation under the name of L. D. Paine, Incorporated, which conducted a general agency for the sale of fire insurance. That in consideration of the plaintiff forbearing to press Fessenden on his indebtedness to it, and forbearing to report his indebtedness to the Insurance Commissioner of the Commonwealth, the defendants Fessenden and Paine entered into a written agreement with the plaintiff on or about September 2, 1937, whereby both defendants agreed to cause L. D. Paine Incorporated to place with the plaintiff all insurance which could not be placed through the agency of said corporation until such time as the defendant Fessenden paid his indebtedness to the plaintiff, it being understood and agreed by the parties that the corporation L. D. Paine, Incorporated was in the general agency business for the sale of fire insurance only. (A copy of said agreement is annexed hereto marked ‘A’.) That although the plaintiff has done everything it agreed to do and perform under said agreement, the defendants have neglected and refused to do and perform the things they agreed to do and perform thereunder, and have failed to cause L. D. Paine, Incorporated to place with the plaintiff the business they agreed to cause to be placed but have caused L. D. Paine, Incorporated to place such business elsewhere all to the damage of the plaintiff as set forth in its writ.
“Count III. That in the year 1937 the defendant Fessenden was in the employ of the plaintiff as an insurance broker, and owed the plaintiff a substantial sum of money. That on or about September 2,1938!, the defendant Fessenden controlled a corporation under the name of L. D. Paine, Incorporated, which conducted a general agency for the sale of fire insurance. That in consideration of the plaintiff forbearing to press Fessenden on his indebtedness to it, and forbearing to report said indebtedness to the Insurance Commissioner *327 of the Commonwealth, the defendant Fessenden entered into a written agreement with the plaintiff on or about September 2, 1937, whereby said Fessenden agreed to cause L. D. Paine, Incorporated to place with the plaintiff all insurance which could not be placed through the agency of said corporation until such time as the defendant Fessenden paid his indebtedness to the plaintiff, it being understood and agreed by the parties that the corporation L. D. Paine, Incorporated was in the general agency business for the sale of fire insurance only. (A copy of said agreement is annexed hereto marked ‘A’). That although the plaintiff has done everything it agreed to do and perform under said agreement, the defendant F'essenden has neglected and refused to do and perform the things he agreed to do and perform thereunder, and has failed to cause L. D. Paine, Incorporated to place with the plaintiff the business he agreed to cause to be placed, but has caused L. D. Paine, Incorporated to place said business elsewhere, all to the damage of the plaintiff as set forth in its writ.
“Count IV. That in the year 1937 the defendant Fessenden was in the employ of the plaintiff as an insurance broker, and owed the plaintiff a substantial sum of money. That on or about September 2, 1937, the defendant Paine controlled a corporation under the name of L. D. Paine, Incorporated, which conducted a general agency for the sale of fire insurance. That said defendant Paine was desirous of employing the defendant Fessenden as a broker. That in consideration of the plaintiff forbearing to press the defendant Fessenden on his indebtedness to it and forbearing to report said indebtedness to the Insurance Commissioner of the Commonwealth, the defendant Paine entered into a written agreement with the plaintiff on or about September 2, 1937, whereby said Paine agreed to cause L. D. Paine, Incorporated to place with the plaintiff all insurance which could not be placed through the agency of said corporation until such time as the defendant Fessenden paid his indebtedness to the plaintiff, it being understood and agreed by the parties that the corporation L. D. Paine, Incorporated was in *328 the general agency business for the sale of fire insurance only. (A copy of said agreement is annexed hereto marked ‘A’). That although the plaintiff has done everything it agreed to do and perform under said agreement, the defendant Paine has neglected and refused to do and perform the things he agreed to do and perform thereunder, and has failed to cause L. D. Paine, Incorporated to place with the plaintiff the business he agreed to cause to be placed, but has caused L. D. Paine, Incorporated to place said business elsewhere, all to the damage of the plaintiff as set forth in its writ”.
The copy annexed was as follows:
“Douglas Lawson, Incorporated,
50 State Street,
Boston, Massachusetts.
Gentlemen:
This letter is to acknowledge my debt to Douglas Lawson, Incorporated, of $1,897.44. I acknowledge this debt of my own free will and accord and not because of any threats of legal prosecution by the said firm. The debt which I acknowledge is for money loaned to me by the corporation in the form of certain drawing accounts and advances made during my period of employ, which drawing* account and advances were made on my written agreement to repay if I left the employ of the firm.
I am leaving the employ of Douglas Lawson, Incorporated, after some five years of pleasant relationship, and I am leaving* not because of any action of any member of the corporation or of any act of the corporation itself. I am leaving to enter the fire general agency business in association with Mr. L. D. Paine.
I hereby bind myself to repay to the firm of Douglas Lawson, Incorporated the sum of $1,897.44 together with 5% interest, annually, such interest to be computed on the first of each month and added to the principal sum. To repay this debt I bind myself to pay $50. on the first day of October, 1937, and $50. on the first day of each month following until the first of October, 1938, at which time I bind myself to pay $100.-00 on the first of October, 1938, and on the first of each month following* until the entire debt with accumulated interest is paid in full.
*329 I also bind the firm of L. D. Paine, Inc., for myself and for Mr. Paine, whose signature is attached to this letter, to place all insurance business of L. D. Paine, Inc., which cannot be placed in the general agencies held by L. D. Paine, Inc. through the office of Douglas Lawson, Incorporated. It is our understanding with the firm of Douglas Lawson, Incorporated that any business which we offer to that firm and which is unacceptable to them will be placed at our discretion where we desire and such placements in no way violate the terms of the agreement which this letter constitutes.
I enter into this agreement with the firm of Douglas Lawson, Incorporated on the express understanding that as long as I live up to the terms of this agreement and the firm of L. D. Paine, Inc. lives up to this agreement, Douglas Lawson, Incorporated will not endeavor to collect any unpaid balance of my indebtedness nor take any action detrimental to my status with the insurance commissioner’s office as a licensed broker or agent in the Commonwealth of Massachusetts.
It is understood that all my renewal and new commissions will be applied against this overdraft in addition to my monthly payments.
Signed:
LAURENCE M. FESSENDEN.
I, L. D. Paine, mentioned in the letter above signed by Laurence M. Fessenden, hereby bind the firm of L. D. Paine, Inc. to live up to the terms of the agreement outlined in Mr. Fessenden’s letter above in so far as placement of insurance through the firm of Douglas Lawson, Incorporated is concerned. I expressly do not bind the firm of L. D. Paine, Inc., nor myself personally to guarantee the payments of $50 per month and $100 per month referred to above.
Signed:
L. D. PAINE.
Accepted for Douglas Lawson, Incorporated.
By:
Huntington v. Frothingham, Vice-President.”
The defendant Fessenden demurred to the declaration, assigning as cause of demurrer (1) that the declaration is *330 inconsistent with the written agreement set forth, in that the declaration alleges that the general agency business of L. D. Paine, Inc. was for the sale of fire insurance only, whereas there is nothing in said written agreement to show that general agency was limited to the sale of fire insurance only.
(2) That the written agreement set forth in the plaintiff’s declaration is inconsistent with the cause of action as set forth in said counts in that it does not therein appear that this defendant ever agreed to cause the corporation to do anything.
(3) That the cause of action set forth in these counts is illegal and contrary to public policy in that it seeks to bind an officer of a corporation to take action as an officer in the future without regard to his duty at that time to the corporation and its stockholders.
The defendant Paine also demurred to the declaration, assigning as cause of demurrer the same causes assigned by the defendant Fessenden, and in addition thereto, assigned that as to count one of the declaration (1) That the plaintiff has not stated such a ease as entitles him to an action against this defendant. (2) That under the written agreement set forth, this defendant expressly disclaims any personal liability for the payment of the defendant Fessenden’s indebtedness to the plaintiff.
After hearing, the demurrer of each defendant was sustained as to Counts II, III and IV, and the plaintiff was given leave to file an amended declaration on or before a specific date. No amended declaration was filed and the matter has been reported.
At the time of argument before this Division, the defendants orally waived the ground of illegality as assigned in their respective demurrers.
*331 A careful reading of the instrument herein sued upon, discloses no basis for construing the same or any portion thereof, as creating a joint liability of the two defendants. It does not purport to be signed by the corporation, but on the contrary it appears to be signed by the two defendants individually, both of whom identified themselves as of the corporation. However, such a recital would not bind the corporation. Guernsey v. Cook, 117 Mass. 548.
It is very apparent that this written instrument created and contains several contracts. One contract is that of the defendant Fessenden, which is alleged and declared in count one of the declaration. Another contract is that of the same defendant which is alleged and declared in count three; and a third contract that of the defendant Paine, which is alleged and declared in count four. These several contracts created by one written instrument could properly be joined in one action by virtue of the provisions of Gen. Laws (Ter. Ed.) Chap. 231, §4. Grocers’ Bank v. Kingman, 16 Gray 473. Said contracts, while contained in one instrument, are not the same, and, in accordance with the statute above referred to, are properly stated on different counts. Colt v. Learned, 118 Mass. 380, cf. Costigan v. Lunt, 104 Mass. 217.
“It is an established rule -of law that a party to a contract like that of these defendants shall not be bound beyond the extent of the engagement which appears from the terms of the contract and the nature of the transaction to have been in his contemplation at the time of entering into it, and that his liability cannot, without his consent, be extended or enlarged either by the obligee or by operation of law”. Grocers’ Bank v. Kingman & others, 16 Gray 473-475.
*332 Count II of the declaration alleging a joint liability finds no support within the four corners of the instrument declared upon. Therefore, let the following entry be made—

Demurrers of the respective defendants sustained as to count II and overruled as to counts III and IV.