YERMIE STERN & another *vs.* FREDERICK E. LIEBERMAN.

Suffolk.    April 2, 1940. — October 30, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Contract,* Parties, In writing, What constitutes. *Agency,* Undisclosed. *Evidence,* Foreign law. *Estoppel.*

If material law of another State is not brought to the attention of this court, a decision may be made upon the basis of the common law of this Commonwealth.

A ruling, that a bilateral unsealed contract in writing, purporting in its body to be between two individuals and signed in what appeared to be a corporate name "by" one of the individuals, bound that individual personally, was not required where it was found that such individual did not by the signature intend to bind himself personally.

A signature in what appeared to be a corporate name "by" one of two individuals named as parties in the body of a bilateral contract did not estop such individual to deny that he was a party to the contract where it appeared that he had returned it, so signed, to the other party who afterwards had executed it.

A ruling that a defendant was bound personally by certain correspondence preceding the execution of a contract in writing purporting to be with the defendant as an individual but signed in the name of what appeared to be a corporation "by" him, was not required where there was evidence that the parties did not intend to be bound until a formal contract was executed.

CONTRACT.    Writ in the Municipal Court of the City of Boston dated January 5, 1939.

On removal to the Superior Court, the case was heard by *Giles,* J.

*A. A. Ginzberg,* for the plaintiffs.

*H. M. Pakulski,* (*M. H. Slobodkin* with him,) for the defendant.

RONAN, J.    The plaintiffs seek to recover the rental for certain equipment shipped by them to two theatres, in Boston, which they allege was leased by them to the de-

fendant. The record shows that, after considerable correspondence between the parties, the plaintiffs, in New York, sent two unsigned contracts (one for the equipment for each theatre) to the defendant, and after one was signed "Preferred Pictures, Inc. by F. E. Lieberman" and the other "Greater Boston Theatres, Inc. by F. E. Lieberman" they were returned to the plaintiffs, who executed them. The defendant was described in each contract as the party of the second part, and both contracts contained certain terms to be performed by him, including the obligation to pay the specified rentals. The defendant filed a general denial. He did not deny the genuineness of his signature and makes no contention that he did not execute these contracts in the form just stated. The judge found for the defendant. The case is here upon exceptions of the plaintiffs to the refusal of the judge to grant three requests for rulings which, in substance, were that the contract binds the signer thereof personally, that the contract in question is one on which the defendant is bound, and that the defendant is bound personally by all the correspondence. We assume that the term "contract" in these requests applies to each of the leases in question.

Each of the contracts provided that its construction was governed by the law of New York. Each contained a recital that the parties had affixed their seals. One of the contracts shows the letters "LS" after the name of the defendant, but the other contract does not show that any seal had been attached. Our attention has not been directed by counsel, in either their briefs or arguments, to any statute or decision of the State of New York determining when a contract is to be considered as a sealed instrument. The case is considered as presented by the parties, whose rights are to be determined by the common law as understood in this Commonwealth before the enactment of what is now G. L. (Ter. Ed.) c. 4, § 9A. That common law, in the absence of anything to indicate the contrary, is presumed to prevail in the State of New York. *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445. *Baker* v. *Allen,* 292 Mass. 169, 172. *Bradbury* v. *Central*

*Vermont Railway*, 299 Mass. 230.  *Smith* v. *Brown*, 302 Mass. 432.

The letters "LS" appearing after a signature upon an instrument reciting that a seal is attached is an appropriate method of showing in a record on appeal that the document was sealed.  *Smith* v. *Butler*, 25 N. H. 521, 524.  *Cannon* v. *Gorham*, 136 Ga. 167, 169.  *Altschul* v. *Casey*, 45 Ore. 182, 185, 186.  We have not seen this contract and we cannot, upon the record, say that it was not a sealed instrument.  But a seal was not necessary to its validity and a seal may be disregarded where the substantive rights of the parties are not thereby impaired.  *Milton* v. *Mosher*, 7 Met. 244.  *Sherman* v. *Fitch*, 98 Mass. 59.  *Blanchard* v. *Blackstone*, 102 Mass. 343.  *Clarke* v. *Pierce*, 215 Mass. 552.  *Alfano* v. *Donnelly*, 285 Mass. 554.  *Adamowicz* v. *Iwanicki*, 286 Mass. 453.  *Moran* v. *Manning*, 306 Mass. 404. The difference between a specialty and a simple contract has been either entirely eliminated or greatly narrowed by legislation in some jurisdictions.  Williston, Contracts, § 297.  For instance, in New York an undisclosed principal can be held liable upon a sealed instrument since the enactment of laws of 1936, c. 685.  *Briggs* v. *Partridge*, 64 N. Y. 357.  *Crowley* v. *Lewis*, 239 N. Y. 264.  Since the grounds upon which our conclusion rests are unaffected by considering this contract as unsealed, we are willing to make that assumption in favor of the plaintiffs and hereafter regard both contracts as simple contracts.

If a contract discloses the name of the principal and contains promises by the principal to the other party to the contract but contains no personal undertaking by the person who, upon the face of the instrument, appears to have signed it in behalf of the principal, then the contract is construed as that of the latter and is binding upon him if the agent was authorized to execute it.  *Kingman* v. *Kelsie*, 3 Cush. 339.  *Abbey* v. *Chase*, 6 Cush. 54.  *Ellis* v. *Pulsifer*, 4 Allen, 165.  *Sherman* v. *Fitch*, 98 Mass. 59. *Blanchard* v. *Blackstone*, 102 Mass. 343.  *Carpenter* v. *Farnsworth*, 106 Mass. 561.  *Chipman* v. *Foster*, 119 Mass. 189.  *Cutler* v. *Ashland*, 121 Mass. 588.  *Goodenough* v.

*Thayer,* 132 Mass. 152. *Terry* v. *Brightman,* 132 Mass. 318. But where the signature of the person who executes a bilateral contract, when construed with all the provisions in the body of the contract, leaves it doubtful whether the obligation is the personal undertaking of the person who signed the contract or whether it was an obligation of some third person as his principal, then the circumstances surrounding the execution of the contract may be shown in order to ascertain the intention of the parties in entering upon the undertaking. *Guernsey* v. *Cook,* 117 Mass. 548. *Lunn & Sweet Co.* v. *Wolfman,* 268 Mass. 345, 353. *Erskine* v. *United States,* 84 Fed. (2d) 690. *Lutz* v. *Van Heynigen Brokerage Co.* 199 Ala. 620. *Pacific Improvement Co.* v. *Jones,* 164 Cal. 260. *Austin, Nichols & Co. Inc.* v. *Gross,* 98 Conn. 782. *United Surety Co.* v. *Meenan,* 211 N. Y. 39. *Hernandez* v. *Brookdale Mills, Inc.* 194 App. Div. (N. Y.) 369. *Dormont Savings & Trust Co.* v. *Kommer,* 338 Penn. St. 548. *Germania National Bank of Milwaukee* v. *Mariner,* 129 Wis. 544. Am. Law Inst. Restatement: Agency, § 323 (2).

The burden was upon the plaintiffs to show that the defendant became a party to these contracts. The defendant would have been shown to be a party if the plaintiffs had proved that the names in which the contracts were executed were trade names under which he did business. His trade name, if he had one, would bind him as effectually as his personal name. *Melledge* v. *Boston Iron Co.* 5 Cush. 158. *Rand* v. *Farquhar,* 226 Mass. 91. *Merrimac Chemical Co.* v. *Moore,* 279 Mass. 147. *Farnum* v. *Bankers & Shippers Ins. Co.* 281 Mass. 364. There was, however, no evidence that Lieberman had adopted any such business names.

The names in which Lieberman executed the contracts would seem to indicate that they were corporate names. Contracts made in the name of a principal by an authorized agent are the contracts of the principal, *Goodenough* v. *Thayer,* 132 Mass. 152; *Cass* v. *Lord,* 236 Mass. 430, and a usual method of executing a contract by an agent is to do so in the name of the principal by his agent. *Gardner*

v. *Gardner,* 5 Cush. 483.  *Mussey* v. *Scott,* 7 Cush. 215.
*Jefts* v. *York,* 10 Cush. 392.  *Conant* v. *Alvord,* 166 Mass.
311.  *Grafton National Bank* v. *Wing,* 172 Mass. 513.  *Sun
Printing & Publishing Association* v. *Moore,* 183 U. S. 642,
647.  *Bussing* v. *Lowell Film Productions, Inc.* 233 App.
Div. (N. Y.) 493.

If the signatures represented existing corporations then
the plaintiffs could recover if they showed that in execut-
ing the contracts the corporations were acting as agents of
Lieberman.  *Byington* v. *Simpson,* 134 Mass. 169.  *Craw-
ford* v. *Moran,* 168 Mass. 446.  *Elwell* v. *State Mutual Life
Assurance Co.* 230 Mass. 248.  Lieberman could execute the
contracts on his own account either in his own name or in
the name of an agent, *Schmaltz* v. *Avery,* 16 Ad. & El. (N. S.)
655; *Hushion* v. *McBride,* 296 Mass. 4, or he could have
the signers execute them in their own right and for their
sole benefit.  The form of the signatures does not disclose
whether the signers executed the contracts in behalf of
Lieberman or in their own behalf.  The intent of Lieberman
in attaching these signatures to the contract was material.
*Jefferds* v. *Alvard,* 151 Mass. 94.  *Metropolitan Coal Co.*
v. *Boutell Transportation & Towing Co.* 196 Mass. 72, 84.
*Estes* v. *Aaron,* 227 Mass. 96.  *Friend Lumber Co. Inc.* v.
*Armstrong Building Finish Co.* 276 Mass. 361.  His intent
sheds some light upon his relationship to the contracts and
the identity of the parties thereto.  *Lunn & Sweet Co.* v.
*Wolfman,* 256 Mass. 436.  *Associates Discount Corp.* v.
*Haynes Garage, Inc.* 304 Mass. 526.  The evidence does
not show whether each of these signatories conducted a
theatre and had requested Lieberman to secure the plain-
tiffs' equipment for them.  The judge found that Lieber-
man did not intend to bind himself personally, and in the
circumstances this was the equivalent to a finding that
he did not intend that the signatories that he supplied
should act as his agents.  Proof of agency is ordinarily a
question of fact.  *Hamilton* v. *Coster,* 249 Mass. 391, 394.
*Raymond Syndicate, Inc.* v. *American Radio & Research
Corp.* 263 Mass. 147, 152.  The general finding for the de-
fendant imports a finding of all subsidiary facts necessarily

included in this general finding, *Adams* v. *Dick,* 226 Mass. 46; *Kennedy Bros. Inc.* v. *Bird,* 287 Mass. 477; *Povey* v. *Colonial Beacon Oil Co.* 294 Mass. 86, and the finding impliedly included in this general finding, that the signers were not acting as agents of Lieberman, must stand as there was evidence to support it. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207. *Federal National Bank of Boston* v. *O'Conhell,* 305 Mass. 559.

The evidence did not require a finding that the defendant was estopped to deny that he was a party to the contracts. The plaintiffs knew before they executed the contracts that Lieberman had not signed them in his own name. The sending of the unsigned contracts to Lieberman was an offer to him which he could accept or reject but he could not extend the offer to third persons and bind the plaintiffs unless they were willing to accept such third persons as parties to the contracts. The plaintiffs assented to dealing with such third persons by their execution of the contracts with them. *Orcutt* v. *Nelson,* 1 Gray, 536, 542. *Mudge* v. *Oliver,* 1 Allen, 74. Lieberman's failure to execute the contracts in his own name was not as matter of law a representation that he was to be personally bound. Whether an estoppel has been established usually presents an issue of fact. *Taylor* v. *Jones,* 242 Mass. 210, 216. *Levin* v. *Rose,* 302 Mass. 378, 382.

The plaintiffs next contend that, even if the defendant is not bound by the formal contracts, he was obligated to pay the required rental by virtue of the correspondence between the parties, and that it was error to refuse their request to this effect. All the correspondence is between the plaintiffs and the defendant individually, except the last letter of December 14, 1938. This correspondence began with a telegram from the defendant on October 24, 1938, requesting the plaintiffs to "reserve ten kringles for me," which the plaintiffs refused to do until they could learn the names of the theatres where this equipment was to be used, and again refused when it appeared from another letter of the defendant that the plaintiffs had already contracted for the

use of the equipment in some of the theatres named by the defendant. In the course of further correspondence the plaintiffs disclosed the rental price and the leasing period, and the defendant on November 10, 1938, sent a telegram ordering two units for two theatres in Boston. It was in response to this telegram that the contracts were immediately sent to Boston for execution by the defendant. On December 14, 1938, one Burke, using the defendant's letterhead, advised the plaintiffs that one of the units had been removed from a theatre foyer under instructions from the building inspector, and that it had been shipped to the plaintiffs on December 5, 1938. The letter continued: "You evidently don't seem to realize that we only received one of these, not two, and that one has now been returned. Please bill us for the time it was used." At no stage in the correspondence was the individual offer of one unqualifiedly accepted by the other, and the judge was right in refusing to rule that the correspondence bound the defendant personally. *Kehlor Flour Mills Co.* v. *Linden,* 230 Mass. 119. *Lawrence* v. *Rosenberg,* 238 Mass. 138. *Lubell* v. *Rome,* 243 Mass. 13. *Iselin* v. *United States,* 271 U. S. 136, 139. The action of the judge is supported by the evidence which could be found to show that the parties did not intend to be bound until formal contracts had been executed. *Lyman* v. *Robinson,* 14 Allen, 242. *Rosenfield* v. *United States Trust Co.* 290 Mass. 210.

The requests for rulings would seem to apply only to the first count of the declaration, which was based upon the written contracts, *Williamson* v. *McGrath,* 180 Mass. 55, but if they are considered as applying to the second count, which was upon an account annexed to recover the rental of the equipment, then there was no error. The judge could find upon the evidence that the plaintiffs had failed to prove any implied contract. *Central Mills Co.* v. *Hart,* 124 Mass. 123. *Stevenson* v. *Donnelly,* 221 Mass. 161, 165. *Williams* v. *Seder,* 306 Mass. 134.

*Exceptions overruled.*