Darcy, J.
This is an action of contract in which the plaintiff seeks to recover the sum of $229.00' against the defendant in providing a funeral for Eleanor G. Knapp, a minor child of the defendants, Forrest Knapp and Anna. E. Knapp.
At the trial there was evidence tending to show that an agent of the plaintiff in January, 1941, came to see Anna Knapp, and the said Anna Knapp requested the plaintiff to furnish a funeral for the said Eleanor G. Knapp. The plaintiff furnished the funeral requested. The cost of the funeral was $229.00. The plaintiff demanded payment, to this date payment has not been made.
The father, Forrest Knapp, one of the defendants, testified that he was never consulted by the plaintiff nor did he engage the services of the plaintiff.
It would further appear that a divorce was decreed between the said defendant, Forrest Knapp, and Anna E. *17 Knapp on February 21, 1937; that the care and custody of Eleanor G. Knapp, minor child, was given to the mother, Anna E. Knapp, and the father, Forrest Knapp, was ordered to pay maintenance for the said Eleanor G. Knapp.
The Court found for the plaintiff against the defendant, Arina E. Knapp in the sum of $241.68 and entered a finding for the defendant, Forrest Knapp.
The plaintiff duly filed nine requests for rulings.
The C.ourt allowed request No. 8 as to defendant, Anna E. Knapp. The Court disallowed requests numbered 1, 2, 3, 4, 5, 6 and 7, disallowed No. 8 as to Forrest Knapp and No. 9 as to both defendants.
The Court was warranted in finding that there was no liability on the part of Forrest Knapp inasmuch as it would appear that a divorce was granted between the defendant Forrest Knapp and Anna E. Knapp and that the decree of the Probate Court gave the care and custody of the minor child, Eleanor G. Knapp, to the said Anna E. Knapp; the decree further ordered the said Forrest Knapp to pay a certain sum for the maintenance of the minor, Eleanor G. Knapp. The said decree of the Probate Court was in effect at the time of the death of Eleanor G. Knapp. Malden Hospital v. Murdock, 218 Mass. 73; Brow v. Brightman, 136 Mass. 187.
The defendant, Anna E. Knapp, contends that the Court was in error in finding the defendant Anna E. Knapp liable and allowing the plaintiff’s request for ruling No. 8 as to defendant Anna E. Knapp and disallowing request for ruling No. 9.
The requests for ruling were as follows:
“No. 8. There is sufficient evidence to warrant a finding for the plaintiff. No. 9. There is insufficient evidence to warrant a finding for the plaintiffs.”
*18 ■She contends that the only assertion of liability as contained in the plaintiff’s declaration is joint and that there is no assertion in the declaration of a several liability or an alternative liability and the plaintiff has the burden of proving that both defendants are jointly liable in order to maintain this action.
We 'believe that there is merit in the contention of the defendant, Anna E. Knapp. The test is do the pleadings show joint or separate controversies?
The declaration filed in the case containing a single count was as follows:
“The plaintiff says that the defendants ordered bim to provide a funeral for Eleanor G-. Knapp, their minor child; that plaintiff provided said funeral for which the defendants agreed to pay the sum of two hundred twenty-nine ($229.00) dollars; wherefore the defendants owe the plaintiff the said sum together with interest from February 4,1941, the date when payment was ' demanded, in the sum of eighty-one and 41/100 ($81.41) dollars.”
The pleadings in the case indicate that the only assertion of liability is joint and there is no assertion in the declaration of a several liability or an alternative liability.
The plaintiff has failed to prove that the defendants are jointly liable. This the plaintiff failed to do as appears from the finding of the Court.
The trial court in finding one of the defendants liable and another defendant not liable is finding several liability which the plaintiff did not ask for in his declaration.
Inasmuch as the Court failed to find a joint liability contract the Court was in error in granting Bequests Nos. 8 and 9.
*19 Joinder of parties in one action is allowed in certain eases. This is set forth in Gr. L., (Ter. Ed.), c. 231, §4A, which is as follows:
“JOINDER OF PARTIES IN ONE ACTION IN CERTAIN CASES
Two or more persons may join in one action as plaintiffs if they assert any right to recover jointly, severally, or in the alternative, in respect of or arising out of the same matter, transaction, occurrence, or series of matters, transactions, or occurrences. Two or more persons may be joined in one action as defendants if there is asserted against them jointly, severally or in the alternative, any right to recover in respect of or arising out of the same matter, transaction, occurrence or series of matters, transactions, or occurrences. A party need not be interested in obtaining or defending against all the recovery demanded. The claims of plaintiffs may be set forth in one count, or in several counts, as clarity in the statement and consideration of the action may require. Judgment may be given for one or more of the plaintiffs according to their respective rights and against one or more of the defendants according to their respective liabilities, and the court may issue one or more executions and make such order relative to costs as may be necessary and proper. Misjoinder of parties shall not be ground for the dismissal of the action. A plaintiff or defendant may be dropped by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.
The provisions of this section shall be in addition to sections two, three and four and to clause Sixth of section seven. (1943, 350 § 1, effective Sept. 1,1943.) ”
From the language of the statute the plaintiff has a right to sue one or more defendants if there is asserted against them jointly, severally or in the alternative, any right to recover in respect of, or arising out of the same matter, *20 transaction, occurrence or series of matters, transactions or occurrences. In this case the plaintiff might have originally framed its pleadings to present a separate controversy as to either defendant. This it failed to do.
It follows that the declaration in the present case, containing a single count, alleging a joint contract, was not proven. Colt v. Learned, 118 Mass. 380.
We think it was error for the trial court to allow Bequest for ruling No. 8 as to the defendant Anna E. Knapp and to disallow Bequest No. 9.
However, it would appear to us that the issues of fact in this case as to which the Court made specific findings were fully and fairly tried. In the circumstances, the general finding of the Court ought not to be reversed upon a technical point of pleading.
Where it is apparent from the report that the case was fully tried upon the real issues of fact involved, it is proper to allow an amendment that will prevent a retrial of the very issues which have already been passed upon.
We believe the plaintiff should be permitted to add a proper count in accordance with the opinion.
The plaintiff is given leave to amend by adding a proper count to the declaration in accordance with the opinion, upon such terms as the trial court may order; and the verdict is to stand. G-. L. c. 231, §§55-125; if, however, the plaintiff does not amend, the entry will be judgment for the defendant.