Lauriat, Peter M., J.
The plaintiff, Harrison Construction LLC (“Harrison”), brought this action against the defendants, Anthony Cirurgiao (“Cirurgiao”) and Paulina Zgorzelska (“Zgorzelska”), for breach of contract. Harrison is a contractor hired by the defendants to perform renovations on their condominium unit. The third-party defendant, Joseph Eldridge (“Eldridge”), is the president of Harrison. The defendants have filed a counterclaim against Harrison for alleged violations of the Home Improvement Statute (G.L.c. 142A, §2) and G.L.c. 93A.
The defendants have now moved, pursuant to Mass.R.Civ.P. 56, for summary judgment as to Counts I and II of Harrison’s complaint and Count II of their counterclaim. For the following reasons, the defendants’ motion is denied.
FACTUAL BACKGROUND
The undisputed facts, and the disputed facts viewed in the light most favorable to the non-moving party as revealed by the summary judgment record, are as follows.
The defendants, Cirurgiao and Zgorzelska, own a condominium unit in Boston, Massachusetts. In early 2005, after deciding to renovate their condominium, the defendants retained an architect to design and draft plans. Sometime before July 2005, the defendants approached Eldridge, the defendants’ neighbor and a general contractor, to perform renovations according to the architect’s plans and specifications. Then, in July 2005, although nothing had been reduced to writing, Harrison, a construction company operated by Eldridge, began work on the defendants’ condominium.
On July 28, 2005, the parties executed a document that incorporated the architect’s plans and specifications and outlined a schedule for payment. Cirurgiao signed on behalf of the defendants and Eldridge signed “P” on behalf of Harrison.[1] Pursuant to the payment schedule, the defendants were obligated to pay $100,000 upon the signing the contract, $100,000 after a rough inspection was completed, and $100,000 upon final inspection. The total amount due was $319,366.80. That same day, the defendants gave Eldridge $100,000, including a $75,000 check made payable to Harrison. The defendants allege that Eldridge promised the project would take between 12 to 14 weeks; Eldridge asserts that he stated the project would take at least 6 months. The contract itself was silent as to the length of the project. Harrison also failed to include its address, contractor registration number and certain disclaimers required by G.L.c. 142A, §2.
Construction continued for a number of weeks on the defendants’ condominium, during which time they rented an apartment across the street from the renovations. Consequently, the defendants personally observed the progress of construction. At some point, the parties agreed to certain supplementary items costing an additional $45,000, raising the total value of the project to $364,366.80. And as provided by the payment schedule, on October 27, 2005, Zgorzelska presented another $100,000 to Harrison.
On December 29, 2005, as the project neared completion, Eldridge sent an email to Zgorzelska asking for a “punch-up” list.[2] However, the defendants never responded to this request. Thereafter, Eldridge inquired as to the amount that remained due on the contract, whereupon the defendants stated that they would not make any further payments.[3] Neither party disputes that the defendants had already paid Harrison $200,000.
On January 25, 2006, Harrison recorded a Notice of Contract at the Suffolk County Registry of Deeds. In a sworn affidavit, Harrison stated that the defendants still owed $164,366.80 on the contract. Unable to resolve their dispute, on March 1, 2006, Harrison filed the present action to enforce a mechanic’s lien, for breach of contract, and in quantum meruit
DISCUSSION
Summary judgment is appropriate if there exists no genuine issue of material fact and the moving party \s entitled to judgment as a matter of law. Mass.R.Civ.P 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). It is the moving party’s burden to affirmatively demonstrate the absence of a triable issue, and that the summary judgment record entitles him to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991).
I. Harrison’s Lien and Breach of Contract Claims
The defendants assert that Harrison’s claims for enforcement of its lien and for breach of contract fail for two reasons. First, the defendants contend that because the document the parties signed does not indicate that Harrison is a contracting party, Harrison cannot enforce it. Second, the defendants assert that because the writing contains so many violations of G.L.c. 149A, §2, public policy demands that the court render the contract unenforceable. In response, Harrison argues that despite any deficiencies in the writing, the defendants knew they were contracting with Harrison, and further, that the defendants’ public policy argument is without merit.
Here, by signing a “P” on the contract, Eldridge created uncertainty as to the identify of the party to be bound. Specifically, the question is whether Eldridge signed the contract creating a personal obligation or whether he signed on behalf of Harrison. In this case, the court may look to the circumstances surrounding the execution of the contract to deter *274 mine the intention of the parties in entering the agreement. Stern v. Lieberman, 307 Mass. 77, 80 (1940).[4]
Although the defendants contend otherwise, their actions show that they intended to contract with Harrison to perform the renovations. The defendants wrote two $75,000 checks payable to Harrison. The first of these checks was written on the day the contract was signed. And throughout the renovations, Harrison sent invoices to the defendants who, in response, raised no objection. In fact, the defendants regularly oversaw the progress of Harrison’s renovations from their apartment across the street. Nothing in the record indicates the defendants were surprised to find Harrison performing the renovation work. Therefore, the facts indicate that the defendants intended to contract with Harrison.
The defendants’ argument that the contract should be rendered unenforceable because it violates various provisions of the Home Improvement Statute is unpersuasive. General Laws c. 142A, §2 provides that “(c)ontracts which fail to comply with the requirements of this section shall not be invalid solely because of noncompliance.” To bolster their public policy argument, the defendants suggest that Harrison’s G.L.c. 142A, §2 violations are so egregious as to constitute engagement in predatory activity. However, the present claim involves knowledgeable parties contracting to perform an extensive and complex renovation project. Given the de minimis nature of the alleged G.L.c. 142A violations, the defendants’ argument that they were preyed upon by Harrison is unsupported.
Because the defendants intended to contract with Harrison and because public policy does not support non-enforcement of the agreement, the defendants’ motion for summary judgment as to Count I and II of Harrison’s complaint is denied.
II. Defendants’ G.L.c. 93A Counterclaim
The defendants’ G.L.c. 93A counterclaim alleges that because Harrison violated G.L.c. 142A, §2, it is liable for unfair or deceptive trade practices. In response, Harrison contends that the defendants have failed to allege any injury resulting from any G.L.c. 142A violation.
General Laws c. 142A, §17(17) states that “[v]iolations of any of the provisions of this chapter shall constitute an unfair or deceptive act under the provisions of chapter ninety-three A.” While the contract fails to meet all the requirements of G.L.c. 142A, §2, the court has concluded that these deficiencies are de minimis and therefore insufficient to support a claim for unfair or deceptive trade practices.[5] Accordingly, the defendants’ motion for summary judgment on Count II of the their counterclaims is denied, and, pursuant to Mass.R.Civ.P. 56(c), summary judgment shall enter in favor of the plaintiff on this counterclaim.[6]
ORDER
For the forgoing reasons, the Defendants’ Motion for Partial Summary Judgment as to Counts I and II of the plaintiffs complaint and Count II of the defendants’ counterclaims is DENIED. Pursuant to Mass.R.Civ.P. 56(c), summary judgment shall enter in favor of the plaintiff on Count II of the defendants’ Counterclaim.

Eldridge testified that he signed “P” for “President.”

The punch-up list was to contain matters that Harrison was required to attend to before the project could be deemed complete.

The defendants allege that they ceased payment because of delay and substandard work. However, Zgorzelska’s deposition indicates that they were having financial difficulties.

The Court in Stern stated:
[WJhere the signature of the person who executes a bilateral contract, when construed with all the provisions in the body of the contract, leaves it doubtful whether the obligation is the personal undertaking of the person who signed the contract or whether it was an obligation of some third person as his principal, then the circumstances surrounding the execution of the contract may be shown in order to ascertain the intention of the parties in entering upon the undertaking.
307 Mass. at 80.

Generally, courts have found violations of G.L.c. 142A sufficient to support a G.L.c. 93A claim for unfair or deceptive trade practices only when a contractor has also violated a statute or ordinance independent from Chapter 142A. See e.g. Reddish v. Bowen, 66 Mass.App.Ct. 621 (2006) (finding a contractor’s violation of zoning laws was sufficient to support a claim under G.L.c. 93A); Simas v. House of Cabinets, 53 Mass.App.Ct. 131 (2001) (finding a contractor’s failure to obtain the necessary work permits resulting in a stop-work order a proper basis for a G.L.c. 93A claim). However, violations of G.L.c. 142A have been found insufficient to support a claim for unfair or deceptive trade practices where the contractor actually performed pursuant to a valid contract. Mellin v. Tettleback, 1997 Mass.App.Div. 70, 71 (1997).

“Summary judgment, when appropriate, may be rendered against the moving party.” Mass.R.Civ.P. 56(c).