Fremont-Smith, Thayer, J.
The Court treats this motion as one for summary judgment. See: Northern Associates, Inc. v. Kiley, 57 Mass.App.Ct. 874, 883-84 (2003).
The “proposal” and/or the oral agreement was accepted by the Murphys so there was indisputably a contract which the Murphys contend was not adequately performed and which the Murphys contend failed to conform with the requirements of c. 142A. However, although c. 142A, §17 makes a violation of c. 142A a per se violation of c. 93A, courts have generally found violations of G.L.c. 142A sufficient to support a G.L.c. 93A claim for unfair or deceptive trade practices only when a contractor has also violated a statute or ordinance independent from Chapter 142A. Harrison Construction, LLC v. Cirurgiao, No. 2006-880-C, 2007 WL 3244314, at *3 n.5 (Mass.Super. Oct. 22, 2007) [23 Mass. L. Rptr. 272). Here, the Murphys do allege under oath such a violation (deposition of Jerome Murphy, day two), thus raising a disputed issue of material fact.
Violations of G.L.c. 142A have also been found insufficient to support a claim for unfair or deceptive trade practices where the contractor actually performed pursuant to a valid contract, id., citing Mellin v. Tettleback, 1997 Mass.App.Div. 70, 71 (1997), but here the Murphys contend under oath that the contract was not substantially performed (id.), raising an additional issue of disputed fact.
Therefore, on this record, there are disputed issues of facts as to whether Killian corporation substantially performed the contract and as to whether a “statute or ordinance independent of c. 142A” was violated.
ORDER
Accordingly, Killian Corporation’s motion in limine to preclude and to dismiss the Murphys’ G.L.c. 93A claims is DENIED.