**O'FALLON LUMBER & SUPPLY COMPANY, INC., Plaintiff-Respondent,**

**v.**

**Harry T. BENEAR, Defendant-Appellant.**

**No. 39529.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 9, 1979.

David C. Godfrey, Clayton, for defendant-appellant.

Robert E. Morley, O'Fallon, Kenneth Bini, St. Louis, for plaintiff-respondent.

STEWART, Judge.

This is an action by O'Fallon Lumber & Supply Company on an open account for the value of building materials and supplies alleged to have been sold to Burton F. Bass, Jr., (Bass), Alice Bass and Harry T. Benear, (Benear), doing business as Bass Construction Company. The action was dismissed as to Alice Bass and judgment was entered upon a jury verdict in favor of plaintiff and against Bass and Benear in the sum of $4,002.03 with interest in the amount of $1,200.60. Only Harry T. Benear has appealed from the judgment and plaintiff, the respondent here, has not favored us with a brief.

Benear primarily contends that the court erred in (1) failing to direct a verdict in his favor, (2) refusing to give his requested instruction on his affirmative defense which would require a verdict in his favor if the jury found that B. F. Bass Construction Company, Inc., a corporation, had incurred the debt, (3) in giving plaintiff's verdict directing instruction because it omitted reference to his affirmative defense and because it required a finding against both defendants if they found in favor of plaintiff.

The first issue requires us to review the evidence in the light most favorable to the plaintiff. *Duke v. Missouri Pacific Railroad Company*, 303 S.W.2d 613, 616 (Mo.1957). Bass has not appealed so we need not develop the facts respecting his liability.

In August of 1971 Benear went to work for Burton F. Bass, a general contractor, who was doing business as Bass Construction Company. B. F. Bass Construction, Inc. was incorporated in August of 1970 by Mr. Bass and his wife. However, Bass continued to operate the business as a sole proprietorship. In March of 1972 Bass advised Benear that he was going to get out of the residential construction business. There was testimony that they entered into a contract dated March 20, 1972 for sale of the residential business by Bass to Benear.

The contract was signed in May of 1972. The contract has not been made part of the record on appeal. We are therefore not apprised of its terms.

On May 5, 1972 Benear and his wife became owners of lot 12 of Burton Bass's Subdivision, referred to throughout the trial as Project 68. Plaintiff had done business with and extended credit to Mr. Bass as an individual doing business as Bass Construction Company. Commencing on May 9, 1972 material and supplies were ordered from plaintiff and were delivered and used in construction on Project 68 at the direction of Benear. Mr. Benear testified that he directed the ordering of the material as president of B. F. Bass Construction Company, Inc., a corporation. However, Mr. Smith, the president of plaintiff, and Mr. Hogan, the store manager, testified that they did not know of the existence of B. F. Bass Construction Company, a corporation, until the day of trial. Plaintiff's president testified that his decision to extend credit to Bass Construction was based on the fact that he was doing business with Mr. Bass as an individual.

In late March of 1972 at a meeting between Mr. Smith and Mr. Hogan of O'Fallon Lumber Company and Mr. Bass and Mr. Benear, plaintiff was advised that Mr. Benear had bought out Mr. Bass but there would be no change in the name of the company. All billings for materials on Project 68 were made to Bass Construction Company as they had been when Mr. Bass was doing business as Bass Construction Company.

Mr. Benear admitted that the materials and supplies for Project 68 were ordered at his direction.

The evidence viewed favorably to plaintiff indicates that plaintiff thought Bass Construction Company was a proprietorship that had been transferred from Mr. Bass to Mr. Benear. None of the billings were made to B. F. Bass Construction Company, Inc. An individual acting as agent for a corporation is personally liable for debts incurred if he fails to disclose his agency

and the identity of his principal at the time the debt is incurred. *Lange v. Baker,* 377 S.W.2d 5, 9 (Mo.App.1964). Under the evidence in this case the jury could have found that Benear did not disclose the fact that he was acting as the agent of the corporation because plaintiff did not know of the existence of the corporation at the time the debt was incurred. The trial court thus properly refused to direct a verdict in favor of defendant.

Benear next contends that the court erred in failing to give his requested instruction that would exonerate him if the jury found that plaintiff's account was with B. F. Bass Construction Company, Inc. and not with Benear. A determination of this issue requires us to view the evidence in the light most favorable to Benear. *Samuels v. Klimowicz,* 380 S.W.2d 418, 424 (Mo.1964).

Under this standard there was evidence from which the jury could have found that Benear and Bass advised plaintiff's president and its store manager that Benear was taking over B. F. Bass Construction Company, Inc. a corporation, and that the corporation would be doing the residential work. Benear also introduced into evidence, as an admission against plaintiff's interest, the original petition in this action. See *Jimenez v. Broadway Motors, Inc.,* 445 S.W.2d 315, 317 (Mo.1969). In that petition plaintiff sued B. F. Bass Construction Company, Inc., a corporation, for the materials and supplies and Benear and his wife for a mechanics lien upon the real estate. The amended petition dropped the corporation as a party and added Burton Bass and his wife. It alleged that Bass, his wife and Benear were individuals doing business as Bass Construction Company. There was thus sufficient substantial evidence to raise a factual issue which Benear had a right to submit to the jury. The court erred in refusing Benear's proffered instruction.

The remaining issue will not arise in a new trial.

The judgment is reversed and remanded for new trial.

STEPHAN, P. J., and KELLY, J., concur.