**John C. DAVID, Plaintiff-Respondent,**

v.

**Randy SHIPPY, Defendant-Appellant.**

**No. 13786.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 7, 1985.

James R. Spradling, Esterly, Spradling & Checkett, Carthage, for defendant-appellant.

Ron Mitchell, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for plaintiff-respondent.

MAUS, Judge.

The plaintiff had judgment in the amount of $1,485.15 against the defendant for radio commercials advertising a corporate business. The defendant was an officer and shareholder of the corporation. The defendant's sole point is that the evidence does not establish that in arranging for the commercials he acted for an undisclosed principal or any other basis for his personal liability.

No detailed findings of fact or conclusions of law were requested or made in this court tried case. Rule 73.01(2)(a). The judgment is to be affirmed if it properly could have been reached on any reasonable theory. *Worlledge v. City of Greenwood,* 627 S.W.2d 328 (Mo.App.1982). All fact issues are to be considered as having been found in accordance with the result reached. Rule 73.01(b). *Wingate v. Griffin,* 610 S.W.2d 417 (Mo.App.1980). So considered, the evidence established the following facts.

Captain W.T. Walkers, Inc., was incorporated on January 6, 1983. Its shares were owned one-half by the defendant and one-half by Tom Schroeder. The defendant was the president and chief executive officer of the corporation. The corporation operated a restaurant and bar under the name Captain W.T. Walkers.

Before the business opened, the defendant contacted the sales representative of the plaintiff's assignor radio stations to arrange for commercials. In response to an inquiry, the defendant told the sales representative the business was owned by the defendant and Schroeder. The defendant referred to Schroeder as his partner. The defendant did not tell the sales representative that Captain W.T. Walkers was a corporation or that the business was owned by a corporation. The plaintiff's assignor had no such knowledge.

Contracts for the commercials were executed upon forms prepared by the assignor radio stations. In general, the body of each form as completed provided for an agreement between "Captain W.T. Walkers" and the radio station for commercials for "W.T. Walkers."

The bottom of the forms provided for execution by the advertiser by the affixation of a name on the first line and a signature on the line below. At the beginning of the bottom line was the printed word "By." Typically, the contracts were executed "Capt. W.T. Walkers By Randy Shippy." On two forms, no name was inserted in the top line. They were apparently executed by a sales representative writing "Per Randy Shippy" on the bottom line. One form did not purport to be executed on behalf of the advertiser. The judgment of the trial court did not include the commercials covered by the latter three forms. The plaintiff makes no complaint on the basis of these omissions. On no form did the name of the advertiser include "Inc." or any other word of similar connotation. No signature of Randy Shippy was accompanied by any designation such as "President" or any other title.

The principles governing the liability of one who acts for another applicable to the defendant's appeal have been succinctly stated.

> It is a general rule that where one who is in fact the agent for another makes a contract with the third person without disclosing the fact of agency, or if he discloses such fact without disclosing the

identity of his principal, he will be individually bound by the contract and the third party may hold the agent or the undisclosed principal at his election. *Hartwig-Dischinger R. Co. v. Unemployment Comp. Com'n,* 350 Mo. 690, 168 S.W.2d 78, 81 (banc 1943). Also see *Empire Petro., Inc. v. D.F. & Assoc., Inc.,* 538 F.Supp. 615 (E.D.Mo.1982); *O'Fallon Lbr. & Supply Co., Inc. v. Benear,* 589 S.W.2d 625 (Mo.App.1979). These maxims are expressed in Restatement (Second) of Agency §§ 320, 321 and 322 (1958).

■ To be relieved from personal liability, it is not enough for the agent to disclose or for the third party to know the agent is acting for another. A legal encyclopedia states:

> It is not the third person's duty to seek out the identity of the principal; rather, the duty to disclose the identity of the principal is on the agent. The disclosure of an agency is not complete for the purpose of relieving the agent from personal liability unless it embraces the name of the principal; without that, the party dealing with the agent may understand that he intended to pledge his personal liability and responsibility in support of the contract and for its performance.

3 Am.Jur.2d Agency § 320 (1962). Also see *A.A. Electric Machinery Co. v. Block,* 193 S.W.2d 631 (Mo.App.1946).

■ "The other party has notice of the existence or identity of the principal if he knows, has reason to know, or should know of it, or has been given a notification of the fact." Restatement (Second) of Agency § 4 comment a (1958). *Lubbock Feed Lots, Inc. v. Iowa Beef Processors,* 630 F.2d 250 (5th Cir.1980). "It is, therefore, not enough that the other party has the means of ascertaining the name of the principal; the agent must either bring to him actual knowledge, or, what is the same thing, that which to a reasonable man is equivalent to knowledge or the agent will be bound." *Stevens v. Graf,* 358 Mich. 122, 99 N.W.2d 356, 359 (banc 1959). The defendant's obligation of disclosure was not, as he con-

tends, discharged by the fact of incorporation. Nor was it discharged because he did not expressly state that Captain W.T. Walkers was not a corporation. That duty was not discharged because federal, state and city licenses were issued in the name of the corporation. In this case, the decisive question is whether or not the manner of the completion and execution of the contracts amounted to a disclosure of the corporate principal to a reasonable person.

■ The execution of contracts in a corporate name that includes "Inc." or a word of similar import obviously can be a disclosure of a corporate principal. *Stern v. Lieberman,* 307 Mass. 77, 29 N.E.2d 839 (1940). However, the execution of a contract in a trade name is not necessarily a sufficient disclosure of an individual or corporate principal conducting a business in that name. Annot., 150 A.L.R. 1303 (1944); *Fletcher Emerson Management Co. v. Davis,* 134 Ga.App. 699, 215 S.E.2d 725 (1975). This is true even though the trade name is similar to a corporate name. *Como v. Rhines,* 645 P.2d 948 (Mont.1982). On the other hand, when a distinct trade name was used, it has been held "[i]t is equally apparent, from the face of the contract, that Wiemann signed the agreement in his capacity as president of the corporate entity whatever its precise name, and not in his individual capacity, for as appears he signed as 'Pres.' and 'For the Corporation.'" *Wired Music, Inc. v. Wiemann,* 468 S.W.2d 668, 670 (Mo.App.1971). But, it is not necessarily a sufficient disclosure to merely add the designation "Pres." to the signature of the agent. *Receivables Finance Corporation v. Hamilton,* 408 S.W.2d 44 (Mo.1966).

The recognized rules are illustrated by their application in decisions holding that the execution of a contract in a trade name was not a sufficient disclosure of a corporate principal. For example, see the following cases involving the conduct of a business in a trade name by a corporation: Northern-Aire Lodge and Country Club op-

erated by Northern-Aire Development Company, *Myers-Leiber Sign Co. v. Weirich,* 2 Ariz.App. 534, 410 P.2d 491 (1966); Tally-Ho East Motor Hotel operated by W K D & C, Inc., *Carter v. Walton,* 469 S.W.2d 462 (Tex.Civ.App.1971); Sound West operated by Sound West, Inc., *Como v. Rhines,* supra; Magic Moment Restaurant conducted by Seascape Restaurants, Inc., *Van D. Costas, Inc. v. Rosenberg,* 432 So.2d 656 (Fla.App.1983); The Clubhouse operated by Dale F. Everett Company, Inc., *James G. Smith & Associates v. Everett,* 1 Ohio App.3d 118, 439 N.E.2d 932 (1981); Grinold Auto Parts, Inc. operated by R.W. Grinold Realty Company, Inc., *New England Whalers Hockey Club v. Nair,* 1 Conn.App. 680, 474 A.2d 810 (1984).

■ In *Lange v. Baker,* 377 S.W.2d 5 (Mo.App.1964), Trailback Plantation, Inc., owned and operated a business in the name of Trailback Plantation. The evidence disclosed the corporate agent personally guaranteed payment for medical services to be rendered to employees of the corporation. Further, it was observed, "[t]hus, the instant case falls within the firmly-established doctrine that one who acts as agent for another in making a contract is liable individually if, at the time of making such contract, he fails to disclose his agency and the identity of his principal." *Lange v. Baker,* supra, at 9. In *Fairbanks v. Chambers,* 665 S.W.2d 33 (Mo.App.1984), partners had done business in the name of Chambers Feed and Farm Supply. Thereafter, the business was incorporated but continued to use the same name. On appeal, it was said the partners could be found liable because of their failure to disclose their principal as Chambers Feed and Farm Supply, *Inc.* (Emphasis added). There was evidence from which the court could have found the defendant did not fully disclose the identity of Captain W.T. Walkers, Inc. The judgment is affirmed.

HOGAN, P.J., PREWITT, C.J., and CROW, J., concur.