Dale **CRAWFORD**, Appellant,

v.

**John WASHINGTON, and J & M**
**Sales, Co., Inc., Respondents.**

No. 63407.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 15, 1994.

Jay R. Burns, Jr., Ellisville, for appellant.

John Washington, pro se.

## GARY M. GAERTNER, Chief Judge.

Appellant, Dale Crawford, appeals from a judgment entered by the trial court in the Circuit Court of the City of St. Louis, finding that respondent, John Washington,[1] was not personally liable for unpaid rents owed on a premises owned by appellant. We reverse.

In December, 1988, appellant purchased a commercial building located at 6200–6216 W. Florissant Ave. Appellant purchased the property from Boatmen's Bank which had made the acquisition through a foreclosure. At the time of purchase, appellant was aware of tenants in the building, although he had made no investigation to determine who the tenants were.

Shortly after his acquisition, appellant visited each tenant individually to discuss rental arrangements. At that time, appellant met John Washington. Washington operated two businesses on the premises: John Michael's Liquor store and J & M Sales, Co., Inc. Appellant and Mr. Washington orally agreed that Washington would maintain a month-to-month rental arrangement. It was also agreed Mr. Washington would continue paying the same rent he had paid to the previous owner, $600 monthly for J & M Sales and $400 monthly for John Michael's Liquor,[2] with a ten percent penalty for any late payments. A written lease was never prepared.

Appellant received rental payments for the property for the entire year of 1989. However, after February of 1990, appellant failed to receive any additional payments of rent for the space occupied by J & M Sales, Co. J & M Sales vacated the premises in September of 1990.

Appellant brought suit against J & M Sales, Co., Inc. and John Washington alleging joint and several liability for payment of the rents due and owing. Judgment was originally entered against both. However, upon trial de novo, the trial court found that John Washington was not individually liable to appellant. This appeal ensued.

The decision in this case turns on one issue: whether or not appellant knew, had reason to know or should have known, or had been given notification of the fact that John Washington was merely acting as agent for J & M Sales, Co., Inc. when he entered the oral agreement for payment of rent. *See David v. Shippy,* 684 S.W.2d 586, 588 (Mo. App.S.D.1985). The transcript reveals Washington agreed that, although he never specifically mentioned to appellant J & M Sales, Co., Inc. was a corporation for which he was acting as agent, the sign above the door of the shop indicated J & M Sales, Co., Inc. was a corporation.[3] Appellant argues he had no knowledge that Mr. Washington was acting as an agent at the time he contracted for the rental of the West Florissant premises. Appellant contends the shop sign simply read "J & M Sales, Co." and that he did not become aware of J & M Sales, Co.'s corporate status until the filing of this lawsuit.

As no findings of fact were requested by either party below, all facts are presumed to be in accordance with the result reached. Rule 73.01(a)(2); *Schuster v. Shelter Mut.*

---

1. Appellant does not appeal the judgment entered against respondent J & M Sales, Co., Inc.

2. Appellant has raised no claims regarding John Michael's Liquor. This lawsuit involves only John Washington and J & M Sales Co., Inc.

3. Respondent chose not to file a response to appellant's brief on appeal.

*Ins. Co.,* 857 S.W.2d 381, 386 (Mo.App.S.D. 1993). The witnesses' credibility and the weight to be given their testimony is a matter for the trial court. *Herbert v. Harl,* 757 S.W.2d 585, 587 (Mo. banc 1988). Thus, we rely on the holding of the court below and assume the sign above respondent's shop read "J & M Sales, Co., Inc."

Next, we must determine whether said sign provided appellant with sufficient notice that John Washington was acting as agent for the principal corporation when the oral rental agreement was entered. If the sign was sufficient, Mr. Washington cannot be held personally liable for the unpaid rent. If not, Washington will be liable.

We note that:

> It is not the third person's duty to seek out the identity of the principal; rather, the duty to disclose the identity of the principal is on the agent ... Furthermore, the use of a tradename is not necessarily a sufficient disclosure of the identity of the principal and the fact of agency so as to protect the agent against personal liability.

3 Am.Jur.2d *Principal & Agent* § 327 (1986). See also *David v. Shippy,* 684 S.W.2d at 588.

With this in mind, we find the shop sign reading "J & M Sales, Co., Inc." insufficient notice of Mr. Washington's agency status. Appellant and Washington entered an oral, month-to-month rental agreement. During the course of the discussion, Mr. Washington never mentioned his operation was incorporated or that he was operating as agent for the corporation when agreeing to the rental provisions. Washington argued at trial that appellant was in receipt of several checks issued by the corporation for payment of rent, and this was sufficient to put appellant on notice of the corporate status. However, "[i]n order to protect the agent from personal liability, it is essential that the principal be disclosed to the third person at the time the transaction is being conducted." 3 Am. Jur.2d *Principal & Agent* § 327 (1986); *Jensen v. Alaska Valuation Service, Inc.,* 688 P.2d 161, 165 (Alaska 1984). In addition, the agent's use of corporate checks has been found to supply insufficient notice to a third party of the existence of a corporate principal. *Id.* at 164.

As such, we find the trial court's decision to be in error. Because Washington failed to inform appellant of the existence of the corporate principal, John Washington is liable on the rental contract. *See O'Fallon Lbr. & Supply Co., Inc. v. Benear,* 589 S.W.2d 625, 626–27 (Mo.App.E.D.1979) (an individual acting as corporate agent is personally liable for debts incurred where the individual failed to disclose his agency and the principal at the time the debt is incurred). The decision of the trial court is reversed.

SIMON and PUDLOWSKI, JJ., concur.