**CORPORATE INTERIORS, INC.,**
**Plaintiff/Respondent,**

v.

**Mark RANDAZZO, and Georgina Randazzo, Defendants/Appellants.**

No. 68215.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 30, 1996.

Mark F. Hearne and P. Tabor Dyke, Ziercher & Hocker, Clayton, for appellants.

Michael G. Re, Gallop, Johnson & Neuman, Clayton, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Mark Randazzo, appeals from the judgment entered by the Circuit Court of the County of St. Louis in favor of respondent, Corporate Interiors, Incorporated, in the amount of $14,557.40 plus prejudgment interest. We affirm.

The evidence taken in the light most favorable to the verdict proved: Mark Randazzo was the president and sole shareholder of Randazzo, Inc., a corporation registered with the Missouri Secretary of State. Randazzo conducted Randazzo, Inc.,'s, corporate business under the fictitious name "Creative Office Environments" ("COE"), which was not registered with the State.

On February 17, 1993, Randazzo ordered office furniture and equipment from Corporate Interiors. The purchase order sent by Randazzo to Corporate Interiors bore the logo "Creative Office Environments" with no indication of corporate identity. The same logo appeared in the purchase order's "sold to" and "ship to" spaces. Randazzo never told Corporate Interiors that COE was a corporation or the fictitious name for a cor-

poration, nor mentioned the existence of Randazzo, Inc. In discussions with Corporate Interiors, Randazzo represented that he and his wife, Georgina Randazzo, owned COE, though he did not state the business was a corporation. Although COE's telephone account with the phone company billed service to "Randazzo, Inc., d/b/a Creative Office Environments," neither its telephone listing nor its telephone greeting reflected its corporate status, but merely state the business "Creative Office Environments."

On April 17, 1993, Corporate Interiors responded to COE's purchase order by shipping the goods listed and issuing an invoice. The invoice, like the purchase order, listed COE in the "sold to" and "shipped to" spaces. Randazzo accepted these goods and in discussions with Corporate Interiors indicated that the order had "come out" fine. The invoice for the equipment and furniture was never paid.

In June of 1994, Corporate Interiors brought an action on account for the unpaid invoices naming as defendants Mark and Georgina Randazzo d/b/a Creative Office Environments. The Randazzos filed a motion to dismiss claiming the petition named the wrong party as defendant. The trial court denied this motion but granted the Randazzos' motion for a more definite statement as to the Randazzos' individual liability. Corporate Interiors filed an amended petition on account, and the Randazzos again moved to dismiss. Corporate Interiors responded that its amended petition asserted causes of action based on several legal theories which encompassed individual liability on behalf of Mark and Georgina Randazzo. Expressly enumerated in Corporate Interiors' response were causes of action for partnership by estoppel and liability of an agent for an undisclosed principal. The trial court denied the Randazzos' second motion to dismiss.

After a bench trial on the merits, the trial court entered judgment in favor of Corporate Interiors against Mark Randazzo in the amount of $14,557.40 plus prejudgment interest at the rate of one and one-half percent per month from May 2, 1993. The trial court found in favor of Georgina Randazzo on Cor-

porate Interiors' complaint. Only Mark Randazzo appeals the judgment.

On appeal, Randazzo claims the trial court erred in allowing recovery against him individually as (1) Corporate Interiors failed to prove Randazzo, as an individual, ordered the merchandise; (2) Corporate Interiors did not plead a cause of action based on agency for an undisclosed principal; (3) Corporate Interiors' petitions named the wrong party defendant; and (4) Corporate Interiors did not meet its burden of proving all elements necessary in an action on account.

■ This Court will sustain the judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Where the trial court does not enter findings of fact and conclusions of law, "we will presume that the factual questions are in accord with the judgment and affirm the court's decision under any reasonable theory presented and supported by the evidence." *Downs v. Director of Revenue*, 791 S.W.2d 851, 852 (Mo.App.E.D.1990). We find the pleadings and the evidence support the trial court's finding Randazzo liable as the agent of an undisclosed principal.

■ Before reaching the merits of this issue, we first address Randazzo's contention that Corporate Interiors failed to plead this theory of agency as a separate theory of recovery. Parties may plead alternative causes of action in a petition and may do so in one count. Rule 55.10. Even if we should read Corporate Interiors' petition as not pleading a cause of action based on agency, the issue was clearly presented and argued to the trial court, both in response to the Randazzos' second motion to dismiss, and at the close of all the evidence. Further, Randazzo's failure to object to the introduction of the evidence to support this theory resulted in the issue being tried by consent. *See Rice v. James*, 844 S.W.2d 64, 67 (Mo.App.E.D. 1992); Rule 55.33(b).

■ The general rule with respect to agent liability provides that one who, as an

agent for another, enters into a contract with a third party without disclosing his agent status, or discloses his agent status without disclosing the identity of his principal, can be held liable on the contract at the third party's election. *David v. Shippy*, 684 S.W.2d 586, 587–88 (Mo.App.E.D.1985). The duty is on the agent to inform the third party of the actual identity of the principal in order to avoid liability; "it is not enough for the agent to disclose or for the third party to know the agent is acting for another." *Id.* at 588. Likewise, the third party's mere ability to discover the name of the principal is insufficient to remove an agent's liability. *Id.; see also Grote Meat Co. v. Goldenberg*, 735 S.W.2d 379, 385 (Mo.App.E.D.1987) (agent not relieved of liability where principal sent third party payment checks bearing the name of the principal). Also, the fact of incorporation will not relieve an agent of his or her burden of disclosing a corporate principal. *David*, 684 S.W.2d at 588. However, execution of contracts in a corporate name that contains an indicia of corporate status, such as "Inc." or "Corp." or the like, can be a sufficient disclosure. *Id.* This is not necessarily true of contracts executed in a trade name. *Id.*

■ In his brief, Randazzo claims he discharged his duty to disclose the identity of the principal as the purchase order and invoice clearly reflect Randazzo, Inc. d/b/a COE as the party ordering the merchandise. However, the only logo appearing on the documents was an unregistered fictitious name: it gave no indication of corporate status, nor did it refer to Randazzo, Inc. Mark Hannigan, an account manager for Corporate Interiors who handled COE's orders, testified Randazzo never informed him COE was a corporation, nor had he heard of Randazzo, Inc.

Randazzo testified he did not "feel it was necessary" to inform Hannigan that an entity incorporated as Randazzo, Inc. did business under the name Creative Office Environments. Nothing in the transaction indicated Randazzo was acting on behalf of a corporate principal, rather than acting as Randazzo, owner of COE. The burden of disclosure fell upon Randazzo, not Corporate Interiors.

Corporate Interiors adduced sufficient evidence to prove Randazzo failed to meet his burden to disclose the identity of the corporate principal.

The finding of liability here is supported by the *David* and *Grote Meat* decisions. In *David*, the defendant entered into several contracts to buy radio advertising on behalf of his restaurant, Captain W.T. Walkers, Inc. 684 S.W.2d at 587. The contracts failed to indicate the corporate status of the principal, but merely listed the business as "Captain W.T. Walkers." *Id.* The Southern District affirmed the trial court's finding that the defendant did not sufficiently disclose the identity of the principal by use of a trade name. *Id.* at 589.

In *Grote Meat*, this Court reversed the decision of the trial court which found for the defendant, where the evidence revealed the defendant met with the plaintiff, the defendant represented he had purchased the Volz food business, and the defendant indicated he wished to continue buying meat from the plaintiff. 735 S.W.2d at 383. The plaintiff invoiced all the orders to "Volz." *Id.* The defendant did not disclose the principal was really Atlas Foods, Inc., d/b/a Volz Foods, although he sent the plaintiff two checks bearing that name. *Id.*

As in the *David* and *Grote Meat* decisions, the record here supports a finding that Randazzo acted on behalf of Randazzo, Inc. d/b/a COE, and that he failed to sufficiently inform Corporate Interiors of the corporate principal's identity. As we affirm the judgment on this ground, we need not address Randazzo's other arguments.

Based on the foregoing, the judgment of the trial court is affirmed.

SMITH, P.J., and RHODES RUSSELL, J., concur.