**D.H. DIXON, Individually and
D.H. Dixon & Associates,
Inc., Appellants,**

v.

**Harrell E. BRANNAN, Individually and
d/b/a Bellerieve Properties,
Respondents.**

No. 72537.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 2, 1998.

Eric M. Martin, Chesterfield, for appellant.

The Vogler Law Firm, P.C., Vincent D. Vogler, Donald A. Horowitz & Robert J. Droney, St. Louis, for respondent.

KAROHL, Judge.

D.H. Dixon, as payee and holder of a promissory note, sued Harrell E. Brannan for the unpaid balance. The case was tried to the court. At the close of the evidence, the court requested proposed findings of fact, conclusions of law and judgment. The request was honored by both parties. The court took the case under submission "upon said evidence, testimony and findings of fact and conclusions of law." However, it made no findings or conclusions when it entered judgment. The judgment consisted of a simple statement finding for Brannan. Dixon's argument on appeal is that the judgment is against the weight of the evidence because the evidence will not support a finding: (1) that other makers on the note were missing, necessary parties; or, (2) of the affirmative defense of accord and satisfaction.

Dixon testified that he loaned Harrell E. Brannan, Carol Brannan and Barney Byington $20,000. On Jun 6, 1990, all three signed the promissory note, payable to D.H. Dixon.

Brannan repaid $10,000 with two $5,000 checks. No other payments of principal or interest were made on the promissory note. Dixon never agreed to accept partial payment from Brannan as his full obligation. Brannan testified as Dixon's witness. He acknowledged:(1) he borrowed the money and signed the promissory note; (2) he was sued as the only defendant; and (3) he repaid $10,000 on the note with two $5,000 checks. Brannan argued he owed only half of the amount due on the note, and he paid "Mr. Dixon what [he] considered half" and "what we agreed to." Brannan told the court he offered his watch and ring to guarantee that he would "pay my half back" when the makers went to get the loan proceeds and signed the note. On one of the two $5,000 checks there was a notation "one-half paym." which signified one-half payment. Brannan considered his cancelled checks to be "his release."

Brannan did not testify regarding any facts to support a finding: (1) he had an oral or written agreement with Dixon that he was liable for only $10,000 on the $20,000 note; (2) when or where such an agreement was made; (3) what was said or done by him or by Dixon which concluded with an agreement; (4) what consideration he gave to Dixon for the agreement; and (5) who was to pay the interest provided in the promissory note on any or all of the amount.

At the close of the evidence the court requested proposed findings of fact, conclusions of law and judgment. The request made it unnecessary for either party to rely on Rule 73.01(a)(3). A request by a party would have duplicated the court's direction. However, our review is hampered by the court's failure to utilize the proposals provided by the parties. The judgment refers to findings and conclusions, but none were made. Accordingly, we must look to the sufficiency of the evidence to support Dixon's cause of action and the affirmative defenses offered by Brannan. We will affirm the judgment "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Corporate Interiors, Inc. v. Randazzo*, 921 S.W.2d 124, 126 (Mo.App. E.D.1996). (*quoting, Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)).

■ There is no dispute that the evidence supported a finding for Dixon on all of the elements of his claim. Brannan admitted he and his business partners borrowed $20,000 from Dixon and that they signed the note. He also acknowledged that the only payments made on the note were made by him with two $5,000 checks. On undisputed evidence Dixon was the payee and holder of a promissory note. After crediting the only payments made on the note, he was entitled to a judgment in the amount of $10,000 plus unpaid interest unless Brannan was entitled to judgment on the basis of an affirmative defense.

■ In his answer and at trial, Brannan offered a number of defenses. He contended Dixon failed to make a submissible case. We have found that defense is without merit. He claimed Dixon failed to join the other makers of the note as "necessary and indispensable" parties. All makers of a promissory note are jointly and severally liable to a holder. Accordingly, that defense is patently without merit. Brannan argued Dixon was attempting to sue a partnership without joining all partners. As Brannan acknowledged in his testimony, he was sued individually as a maker of the note. It is irrelevant and immaterial how the makers, as borrowers, used proceeds of the loan.

■ Finally, Brannan alleged in his answer and argues Dixon's claims are barred by an accord and satisfaction. "An accord and satisfaction is an agreement between parties to give and accept something different from that claimed by virtue of the original obligation." *Helton Const. Co., Inc. v. Thrift*, 865 S.W.2d 419, 424 (Mo.App. S.D. 1993). In order for there to be an accord and satisfaction, the contract elements of offer, acceptance, and consideration must all be present. *Mark Twain Bank v. Jackson*, 901 S.W.2d 360, 363 (Mo.App. W.D.1995). Generally, a partial payment in full settlement of a debt does not constitute an accord and satisfaction because it is unsupported by consideration. *Id.* at 364. However, a bona fide

dispute or an unliquidated claim supports an accord and satisfaction. *Id.*

█ We conclude there was no substantial evidence to support the affirmative defense of accord and satisfaction. First, the evidence will not support a finding of when Dixon and Brannan entered into an "agreement" for payment which was contrary to the terms of the note. Brannan offered no evidence to support a finding of when the "agreement" was made. In the absence of such evidence his conclusory testimony could refer to events which occurred before or after the note was executed. Negotiations which may have occurred before the note was signed could not create an accord on the debt. Second, the balance due on the promissory note was a liquidated claim at the time the note was executed and thereafter. Brannan does not contest that he signed the note, received the proceeds of the loan and that there was a balance due on principal and interest after a credit for his two $5,000 payments. Third, there is a total lack of any evidence to support a finding of an offer, acceptance and an identified consideration for an accord agreement made after the execution of the note. The two $5,000 payments were no more than partial payments on an undisputed and liquidated claim which was evidenced by the promissory note Brannan acknowledged he signed. Fourth, Brannan's testimony fails to account for unpaid interest on any of the debt, even the $10,000 he repaid.

We reverse and remand to the trial court to enter a judgment on the promissory note in favor of Dixon in the amount of the unpaid principal together with unpaid interest and costs.

AHRENS, P.J., and CRANDALL, JJ., concur.