**UNISOURCE WORLDWIDE, INC.,**
**Plaintiff–Appellant,**

v.

**Ken BARTH d/b/a Creative Printing &**
**Design, Defendant–Respondent.**

**No. 25109.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 9, 2003.

Douglas S. Evans, Evans & Green, LLP, Springfield, Richard L. Rollings, Jr., Ozark, for Appellant.

Gary W. Allman, Allman, Ingrum, Wilson & Akers, L.L.C., Hollister, for Respondent.

JOHN E. PARRISH, Judge.

Unisource Worldwide, Inc., (plaintiff) appeals a judgment for Ken Barth (defendant) in an action plaintiff brought on account. Plaintiff contends defendant is indebted to it as an undisclosed agent for Barth Enterprises, Inc., (Barth Enterprises) for the unpaid balance of the account. This court reverses and remands with directions.

Plaintiff sells paper. One of its customers, Robinson Printing, Inc., (Robinson) sold its business to Barth Enterprises, a Missouri corporation, that was formed for the purpose of purchasing the printing business of Robinson. Barth Enterprises was incorporated March 23, 1998. Defendant is its president, secretary and treasurer. Barth Enterprises operated the business it acquired from Robinson under the fictitious name of Creative Printing & Design. Creative Printing and Design was not registered as a fictitious name for Barth Enterprises until August 25, 1999. The name of Barth Enterprises was not made known to plaintiff.

Plaintiff received a commercial credit application dated March 27, 1998. It shows the company name, "Creative Printing & Design." A statement at the bottom of the form states, "I agree to handle my account in agreement with the terms stated on the invoices." Immediately below the statement is the written name "Ken Barth." It is on a line preceded by the words, "AUTHORIZED SIGNATURE." The date "3/27/98" appears to the right of the handwritten name. It is followed on the form by the printed words, "IF INCORPORATED, PLEASE LIST OFFICERS AND TITLES BELOW." The handwritten words, "Pres. Ken Barth," appear on one of the lines below the printed words. Plaintiff opened a credit account for Creative Printing & Design on the basis of the credit application.

Plaintiff sold merchandise to Creative Printing & Design on account. There was a balance due of $35,402.42 at the time of trial. An insufficient funds check in the amount of $2,879.56 from "Creative Printing and Design" with the signature "Ken Barth" had been submitted for payment on the account.

This case was tried before the circuit court without a jury. Appellate review is, therefore, governed by Rule 84.13(d). The judgment is to be affirmed unless it is not supported by the evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Kleeman v. Kingsley*, 88 S.W.3d 521, 522 (Mo.App. 2002).

Plaintiff presents two points on appeal. The first is dispositive. It contends the trial court erred in entering judgment for defendant because defendant was liable to plaintiff as an agent for an undisclosed principal; that defendant, through his agents, obtained credit from plaintiff but did not disclose he was acting as the agent of Barth Enterprises.

The general rule with respect to agent liability provides that one who, as an agent for another, enters into a contract with a third party without disclosing his agent status, or discloses his agent status without disclosing the identity of his principal, can be held liable on the contract at the third party's election. *David v. Shippy*, 684 S.W.2d 586, 587–88 (Mo.App.S.D.1985). The duty is on the agent to inform the third party of the actual identity of the principal in order to avoid liability; "it is not enough for the agent to disclose or for the third party to know the agent is acting for another." *Id.* at 588. Likewise, the third party's mere ability to discover the name of the principal is insufficient to remove an agent's liability. *Id.; see also Grote Meat Co. v. Goldenberg*, 735 S.W.2d 379, 385 (Mo.App. E.D.1987) (agent not relieved of liability where principal sent third party payment checks bearing the name of the principal.) Also, the fact of incorporation will not relieve an agent of his or her burden of disclosing a corporate principal. *David*, 684 S.W.2d at 588. However, execution of contracts in a corporate name that contains an indicia of corporate status, such as "Inc." or "Corp." or the like can be a sufficient disclosure. *Id.*

*Corporate Interiors, Inc. v. Randazzo*, 921 S.W.2d 124, 126–27 (Mo.App.1996).

In *Corporate Interiors*, Mark Randazzo conducted the business of the corporation, Randazzo, Inc., under a fictitious name, Creative Office Environments. The name Creative Office Environments was not registered with the state. Randazzo ordered office furniture and equipment from Corporate Interiors. The purchase order bore the logo of Creative Office Environments. Mr. Randazzo told Corporate Interiors he owned Creative Office Environments, but did not disclose that Creative Office Environments was a corporation, or a fictitious name for a corporation, or mention Randazzo, Inc. The furniture was delivered. The statement for the furniture was not paid.

Corporate Interiors brought an action for the unpaid obligation for the furniture individually against Mr. Randazzo and his wife. Mr. and Mrs. Randazzo filed a motion to dismiss the action claiming the petition named the wrong party as defendant. After an amended petition was filed that expressly enumerated that the causes of action were founded on theories of estoppel and liability of an agent for an undisclosed principal, a second motion to dismiss was filed and denied. The trial court entered judgment for Corporate Interiors against Mr. Randazzo. The Eastern District of this court affirmed noting that nothing in the transaction indicated Mr. Randazzo was acting on behalf of a corporate principal; that the burden of disclosure fell on him, not Corporate Interiors. It concluded Mr. Randazzo was personally liable as an undisclosed agent for Randazzo, Inc.

Here, as in *Corporate Interiors*, the only business name appearing on the credit application was an unregistered fictitious name, in this case, Creative Printing & Design. No reference was made to the corporate principal, Barth Enterprises.

The credit application here, unlike *Corporate Interiors*, referred to the existence of a corporation and defendant's role as president of a corporation. Defendant did not, however, sign the contract as

president of the corporation nor did he designate his execution of it as "for the corporation." Defendant signed the application in his individual capacity. Absent disclosure of a corporate principal's agency identity, a third party dealing with the agent may consider the transaction to be with the agent and the agent deemed to have intended to pledge his personal responsibility. *Grote Meat Co. v. Goldenberg*, 735 S.W.2d 379, 385 (Mo.App.1987).[1]

*Grote* relies on and quotes *David v. Shippy, supra*:

> To be relieved of personal liability, it is not enough for the agent to disclose or for the third party to know the agent is acting for another. A legal encyclopedia states: It is not the third person's duty to seek out the identity of the principal; rather, the duty to disclose the identity of the principal is on the agent. The disclosure of an agency is not complete for the purpose of relieving the agent from personal liability unless it embraces the name of the principal; . . . .

735 S.W.2d at 385.

Point I is granted. The judgment is not supported by the evidence. The judgment is reversed. The case is remanded with directions that the trial court assess damages and enter judgment for plaintiff. Due to the disposition of Point I, this court need not address Point II.

PREWITT, P.J., and RAHMEYER, C.J., concur.

---

1. When a principal is disclosed and the capacity in which an agent signs is evident, the agent is not personally liable absent clear and explicit evidence of an intention to be liable. *United Sav. & Loan Ass'n v. Lake of the Ozarks Water Festival, Inc.*, 805 S.W.2d 350, 354 (Mo.App.1991); *Wired Music, Inc. v. Great River Steamboat Co.*, 554 S.W.2d 466, 468 (Mo.App.1977). That was not the evidence in this case. The entity defendant contends was the principal was not disclosed and the capacity in which defendant executed the credit application was on behalf of himself either individually or on behalf of a fictitious entity.