Jim SHEPPARD and Janice Finch, Plaintiffs/Appellants/Cross–Respondents,

v.

Richard EAST, Defendant/Respondent/Cross–Appellant,

Lona East, Associated Building Analysts, and Safeco Property & Casualty Insurance Companies, Defendants.

Nos. ED 86415, ED 86472.

Missouri Court of Appeals, Eastern District, Division Three.

May 23, 2006.

Russell M. Zelei, St. Peters, MO, for appellants.

Thomas B. Burkemper, Rachel R. Burkemper, Troy, MO, for respondent.

**KATHIANNE KNAUP CRANE,** Presiding Judge.

Plaintiffs filed a petition seeking damages for breach of contract, intentional misrepresentation, and negligent misrepresentation, based upon disclosures defendant made in a Seller's Disclosure Statement attached to the contract for the sale of defendant's mother's house to plaintiffs. The trial court entered judgment in defendant's favor, but denied defendant's request for attorney's fees pursuant to the sale contract. Plaintiffs appeal, and defendant cross-appeals. We affirm the judgment in defendant's favor, but reverse the order denying attorney's fees and remand with directions.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 13, 1999, plaintiff, Janice Finch, made an offer on a Residential Sales Contract form for the purchase of a home in Winfield, Missouri (the property) owned by Lona East, the mother of defendant, Richard East. At the time Ms. Finch made the offer, a Seller's Disclosure Statement was attached to the contract form. The Seller's Disclosure Statement contained four handwritten statements. Under the heading "Basement and Crawl Space," was the entry: "Damp during 93 flood." Under the request for "other facts or information relating to the property that you would want to know if you were purchasing the property," were the entries:

Property located in flood plain

Did not flood in 93—

House has never had water

Richard East signed the Seller's Disclosure Statement on the line designated "Seller." Ms. Finch signed the Statement on the same date she made the offer. At the time she received and signed the Sell-

er's Disclosure Statement and Contract, she believed that Richard East was the sole seller.

Ms. Finch accepted a counteroffer bearing the signatures of "Lona East" and "Richard East" as sellers on February 17, 1999. Richard East did not disclose that he was signing as agent for his mother. Both sides to the transaction were represented by real estate agents. Ms. Finch dealt only with her real estate agent and the real estate agent representing the seller.

On February 26, 1999, Lona East executed a durable power of attorney, appointing Richard East her attorney-in-fact to sign the deed to the property. The sale was closed in March 1999, and the property was deeded to Ms. Finch and the other plaintiff, James Sheppard, Ms. Finch's husband.

In the fall of 2000, a water line burst and water flooded the house on the property for four days. The first floor of the house collapsed. Ms. Finch and Mr. Sheppard (hereinafter, plaintiffs) subsequently filed the underlying lawsuit, naming Lona East, Richard East, Associated Building Analysts, and Safeco Property & Casualty Insurance Companies as defendants. The trial court dismissed Lona East upon receiving notice of her death. Plaintiffs dismissed with prejudice their claims against Associated Building Analysts and Safeco Property & Casualty Insurance Companies. The case proceeded to trial with Richard East (hereinafter, defendant) as the sole defendant.

Plaintiffs' case was based on the testimony of their expert witness, Dale Walterman, a land surveyor. He testified that, based upon his review of the FEMA Flood Insurance Rate Map (FEMA map) and a survey of the property, he issued a Flood Elevation Certificate to plaintiffs and concluded that there should have been eight inches of water in the house in 1993.

Defendant adduced contrary evidence. Defendant testified that each of the statements in the Seller's Disclosure Statement was true, that the house did not flood in 1993, and that the house never had water. During the 1993 flood, he visited the property daily and observed that the water never got up to the house. The next door neighbor also testified that the house never flooded during the 1993 flood, and she had actually looked into the house at the time.

William J. Shea, Jr., a licensed surveyor, testified as defendant's expert witness. Mr. Shea had been the Lincoln County Surveyor since 1984. He prepared his own Flood Elevation Certificate for the property. He used the City of Winfield's flood map as a reference marker rather than the FEMA map. Mr. Shea testified that the FEMA map showing flood elevation levels for the 1993 flood was inaccurate, and explained the inaccuracies. Mr. Shea had prepared Flood Elevation Certificates for approximately two hundred properties in the area after the 1993 flood. Using the information he compiled for these certificates and his elevation shoots, he calculated the high water marks from the 1993 flood in the area that completely surrounded the property. He determined that the high water marks from the 1993 flood were at least one foot below the finished floor of the house on the property. He concluded that the house did not have and could not have had water during the 1993 flood.

The trial court thereafter entered judgment in defendant's favor on all counts. In support of its judgment, the trial court found:

Defendant disclosed what he was aware of and what he had personal knowledge of regarding the flood plain, the 1993

flood, the crawlspace, and the fact that the house did not have water in 1993. Further, Defendant's expert William Shea, Jr. testified that the base flood elevations on the FEMA [map] were incorrect and that the house would not and could not have flooded in 1993. Plaintiff failed to prove that Defendant provided any false information.

The trial court also found that plaintiffs did not establish either reliance or that defendant supplied the information on the course of his business or because of some pecuniary interest. The trial court concluded that defendant did not breach his duty to disclose under the terms of the contract and that he disclosed accurate information based upon his own personal knowledge that was confirmed both by defendant's expert and lay witnesses. It further concluded that defendant did not misrepresent the condition of the house or facts about the 1993 flood to plaintiffs or mislead them.

However, the trial court denied defendant's request for attorney's fees. Defendant filed a motion to amend the judgment, on the grounds he was entitled to the attorney's fees under the Residential Sales Contract. The trial court denied this motion. Both parties appeal.

### DISCUSSION

■ On review of this court-tried case, we will sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We accept all evidence and the inferences drawn therefrom in the light most favorable to the judgment, and we disregard all contrary evidence. *Mullenix–St. Charles Props. v. St. Charles*, 983 S.W.2d 550, 555 (Mo.App.1998). We defer to the trial court's factual findings, because the trial court is in a superior position to assess credibility. *Id.* However, we review the trial court's conclusions of law *de novo*. *Id.*

### PLAINTIFFS' APPEAL

In their three points on appeal, plaintiffs challenge the trial court's entry of judgment on each count. They take issue with the trial court's findings of fact, asserting with respect to each count that they adduced sufficient evidence that defendant knew the property flooded but failed to disclose this fact. Plaintiffs misconceive their burden on appeal. They need to show that the trial court's findings of fact were not supported by substantial evidence, not that there was evidence before the court that could have supported different findings of fact. *Buckley v. Director of Revenue*, 4 S.W.3d 152, 154 (Mo.App.1999).

■ Further, although plaintiffs challenge the trial court's findings on the element of the falsity of the representation in the intentional misrepresentation count and the falsity of the information in the negligent misrepresentation count,[1] they do not challenge the trial court's findings that they did not adduce substantial evidence of other required elements of the causes of action asserted in those counts. Specifically, plaintiffs do not challenge the trial court's findings that plaintiffs did not make a prima facie case of intentional misrepresentation because they "failed to prove the element of the hearer's reliance on the representation being true, or that

1. *See Heberer v. Shell Oil Co.*, 744 S.W.2d 441, 443 (Mo. banc 1988) for the elements of intentional misrepresentation. *See Summer Chase Second Addit. v. Taylor–Morley, Inc.*, 146 S.W.3d 411, 418–19 (Mo.App.2004) and *Miller v. Big River Concrete, LLC*, 14 S.W.3d 129, 133 (Mo.App.2000) for the elements of negligent misrepresentation.

the representation was not true," and did not make a prima facie case of negligent misrepresentation because they neither "alleged nor proved that Defendant supplied the information in the ordinary course of his business or that Defendant had a direct pecuniary interest in the sale of the property." A plaintiff's failure to prove any one of the essential elements of either intentional or negligent misrepresentation is fatal to a claim dependent thereon. *Heberer v. Shell Oil Co.*, 744 S.W.2d 441, 443–44 (Mo. banc 1988); *McClain v. Papka*, 108 S.W.3d 48, 52 (Mo. App.2003). Since plaintiffs do not challenge these findings on appeal, they are not entitled to reversal on the intentional and negligent misrepresentation counts.

The trial court's findings that defendant disclosed what he knew and that he did not provide any false information are supported by substantial evidence. Defendant, his expert witness, and the next door neighbor all testified that the house did not flood in 1993. Accordingly, plaintiffs failed to establish the element of falsity in each of the counts. Points one, two, and three are denied.

### DEFENDANT'S CROSS–APPEAL

For his sole point on cross-appeal, defendant contends that the trial court erred in denying his request for an award of attorney's fees because the Residential Sales Contract provided for an award of reasonable attorney's fees to the prevailing party in litigation between the parties. He argues that the law compels the trial court to award him fees when a contract so provides, and that, by suing him as a party to the contract, plaintiffs cannot take the position he is not a party to the contract in opposing his request for fees.

Ordinarily, under the American Rule, litigants must bear the expense of their own attorney's fees. *McClain*, 108

S.W.3d at 54. An exception to this rule arises when a contract allows a successful litigant to recover attorney's fees. *Id.* When a claim for attorney's fees is based on a contract provision allowing the prevailing party to recover fees, the trial court must comply with the terms of the contract and award them to the prevailing party. *Harris v. Union Elec. Co.*, 766 S.W.2d 80, 89 (Mo. banc 1989) The decision to award attorney's fees is not a matter of discretion in this situation. *Jackson v. Christian Salvesen Holdings, Inc.*, 978 S.W.2d 377, 385 (Mo.App.1998). In this case, the contract clearly directs that the prevailing party recover attorney's fees. Paragraph 13 of the Residential Sales Contract provides: "In the event of litigation between the parties, the prevailing party shall recover ... the cost of litigation including reasonable attorney's fees." The only dispute is whether defendant was a "party."

Plaintiffs sued defendant as a party to the contract. They alleged that he entered into the Residential Sales Contract, and completed the Seller's Disclosure pursuant to paragraph 24 of the Sales Contract. In their breach of contract count, they alleged that the Seller's Disclosure Statement was a material part of the Sales Contract and that defendant breached the contract by failing to make accurate disclosures. In the intentional misrepresentation count, plaintiffs alleged that defendant made representations in the Sales Contract that were not true and accurate and that, as a result of the falsity of the representations in the Sales Contract, plaintiffs were damaged. Plaintiffs incorporated these allegations into their negligent misrepresentation count. In their proposed findings of fact, conclusions of law, and judgment, plaintiffs requested the trial court to conclude that defendant was liable on the contract as an agent for an undis-

closed principal and was therefore bound by the contract.

In its judgment, the trial court concluded that defendant "did not breach his duty to disclose under the terms of the contract and did not misrepresent or mislead the Plaintiffs as to statements regarding the condition of the house or the 1993 flood." However, in response to the motion to amend the judgment to award attorney's fees, the trial court concluded: "While Richard East prevailed in the litigation, he was not a party to the contract. He had served only as an agent for Lona East, who had been dismissed from the litigation."

■■ Defendant's argument that plaintiffs could not seek to hold him liable as a party under the terms of the contract, but deny he was a party when he sought to recover attorney's fees under the contract is well-taken. The doctrine of *quasi* estoppel prevents a party from taking a position directly contrary to or inconsistent with another position previously taken. *Seifner v. Weller,* 171 S.W.2d 617, 623 (Mo.1943); *Porter v. Erickson Transport Corp.,* 851 S.W.2d 725, 736 (Mo.App.1993). *See also State ex rel. Kolb v. Cty. Ct. of St. Charles,* 683 S.W.2d 318, 323 (Mo.App.1984). Plaintiffs elected to sue defendant as a party to the contract, and specifically requested the court to find defendant liable as a party on the grounds that he was the agent of an undisclosed principal. Plaintiff prosecuted this lawsuit to its conclusion. The trial court entered a judgment finding in part that defendant "did not breach his duty to disclose under the terms of the contract." Defendant incurred attorney's fees defending this lawsuit. In this situation, plaintiffs are barred by the doctrine of *quasi* estoppel from claiming that defendant is not a party to the contract and therefore not entitled to an award of attorney's fees under the contract as the prevailing party.

■ However, we do not need to rest this result solely on estoppel. The uncontroverted evidence at trial established as a matter of law that defendant acted as an agent of an undisclosed principal, and was, therefore, a party to the contract. An agent for another who enters into a contract without disclosing the fact of his or her agency, or who discloses his or her agency status without disclosing the identity of the principal, is considered an agent for an undisclosed principal. An agent who contracts in his or her own name for an undisclosed principal is a party to the contract and is personally liable on the contract. *Hartwig–Dischinger R. Co. v. Unemployment Comp. Com'n,* 350 Mo. 690, 168 S.W.2d 78, 81 (1943); *Central Missouri Prof. Serv. v. Shoemaker,* 108 S.W.3d 6, 10 (Mo.App.2003); *Grote Meat Co. v. Goldenberg,* 735 S.W.2d 379, 384–85 (Mo.App.1987); *Fricke v. Valley Production Credit Ass'n,* 721 S.W.2d 747, 755 (Mo.App.1986); *David v. Shippy,* 684 S.W.2d 586, 587–88 (Mo.App.1985). The agent for the undisclosed principal is bound by all clauses of the contract, including the provisions for attorney's fees. *See, e.g., Warren Supply v. Lyle's Plumbing,* 74 S.W.3d 816 (Mo.App.2002). That agent also has the corresponding right to enforce the contract. *Ferris v. Thaw,* 72 Mo. 446, 450 (Mo.1880); *Evergreen Nat. Corp. v. Carr,* 129 S.W.3d 492, 494 n. 1 (Mo.App.2004); *Simons v. Wittmann,* 113 Mo.App. 357, 88 S.W. 791, 797 (1905); RESTATEMENT (SECOND) OF AGENCY sections 322, 364 cmt. b. (1958); 12 SAMUEL WILLISTON & RICHARD LORD, A TREATISE ON THE LAW OF CONTRACTS sections 35:41, 35:44 (4th ed.1999); 3 AM.JUR.2d *Agency* section 319 (2005); 2A C.J.S. *Agency* section 379 (2003).

Defendant testified that he signed the Residential Sales Contract as seller and also signed Lona East's name to the con-

tract. He did not disclose to either plaintiff that he was signing the agreement for his mother. He also signed the Seller's Disclosure Statement as seller. Mr. Sheppard testified that when he reviewed the Residential Sales Contract, he believed that Lona East and defendant were the owners of the property and both had signed the contract. He also believed that defendant signed the Disclosure Statement as owner and made the disclosures. Ms. Finch testified she believed defendant was the seller of the property, and she believed that he made the disclosures.

This uncontroverted evidence establishes, as plaintiffs urged the trial court to find, that defendant was an agent of an undisclosed principal. *See Unisource Worldwide, Inc. v. Barth,* 109 S.W.3d 252, 254–55 (Mo.App.2003); *Corporate Interiors, Inc. v. Randazzo,* 921 S.W.2d 124, 127 (Mo.App.1996). He therefore was a party to the contract. Because he prevailed in the litigation between the parties to the contract, he was entitled to an award of reasonable attorney's fees under Paragraph 13 of the contract.

On remand, the trial court is instructed to determine and award a reasonable attorney's fee. The trial court, as an expert on attorney's fees, may determine what constitutes a reasonable award. *State ex rel. Chase Resorts v. Campbell,* 913 S.W.2d 832, 835 (Mo.App.1995). However, in exercising this discretion, the court should hear from the parties. *O'Brien v. B.L.C. Ins. Co.,* 768 S.W.2d 64, 71 (Mo. banc 1989).

Defendant argues that he is entitled to a reasonable fee for all of the work performed defending all of the counts in the case. We agree. Paragraph 13 of the contract allows the prevailing party to recover fees "in the event of litigation between the parties." The plain language of the contract is broad enough to cover the breach of contract claim based on a duty to disclose as well as the misrepresentation counts based on defendant's disclosures in the contract documents. *See Farmland Industries, Inc. v. Frazier–Parrott Commodities,* 111 F.3d 588, 590 (8th Cir.1997) (applying Missouri law).

The trial court erred in denying defendant's request for reasonable attorney's fees. Point one of defendant's appeal is granted.

## *MOTION FOR ATTORNEY'S FEES ON APPEAL*

Defendant has filed a motion for attorney's fees on appeal. He is entitled to reasonable fees for services rendered on appeal. *See Rosehill Gardens, Inc. v. Luttrell,* 67 S.W.3d 641, 643 (Mo.App. 2002). Because the trial court is better equipped to hear evidence and argument on this issue and to determine the reasonableness of the fee requested, on remand the trial court is directed to determine and award reasonable attorney's fees incurred on appeal. *Id.* at 643–44.

## *CONCLUSION*

We reverse the order denying attorney's fees and remand. On remand, the court is directed to determine the amount of reasonable attorney's fees and expenses incurred at trial and on appeal and enter a judgment awarding those fees to defendant.

In all other respects, the judgment is affirmed.

LAWRENCE E. MOONEY and BOOKER T. SHAW, JJ., concur.